**DIAMOND STATE INSURANCE COMPANY, an Indiana corporation, Plaintiff,**

v.

**FAME OPERATING CO., INC., a Nevada corporation, doing business under the name and style of Ellis Island Casino; James Joseph Kleba and Karen Louise Kleba, Defendants.**

**DIAMOND STATE INSURANCE COMPANY, an Indiana corporation, Plaintiff,**

v.

**Stella SOBCHIK and Joseph Sobchik, both individually and dba Atomic Liquors; and Robert Butler, Defendants.**

**DIAMOND STATE INSURANCE COMPANY, an Indiana corporation, Plaintiff,**

v.

**LAKE MEAD LOUNGE, a Nevada corporation; Stephen J. Hampe, an individual; Ralph Griffen, an individual, Defendants.**

**DIAMOND STATE INSURANCE COMPANY, an Indiana corporation, Plaintiff,**

v.

**Kurt A. ERICK, individually; Boulder City Sports Tavern dba Backstop Sports Pub; Laura Jeanne Schreiber, Defendants.**

Nos. CV–S–95–0173–HDM(LRL), CV–S–95–0174–HDM(LRL), CV–S–95–0362–HDM(LRL) and CV–S–95–0790–HDM(RJJ).

United States District Court, D. Nevada.

Feb. 21, 1996.

ORDER

McKIBBEN, District Judge.

These four cases have been consolidated for the limited purpose of considering motions to dismiss, to transfer, and for summary judgment. (*See* Case No. CV–S–95–0173–HDM(LRL) Docket # 21.) This matter is now before the court on a Motion to Dismiss filed by defendants Erick, et al. (Case No. CV–S–95–0790–HDM(RJJ) Docket # 6) [hereinafter the "Erick Motion to Dismiss"], on October 16, 1995. The Erick Motion to Dismiss was joined in by defendants Fame Operating Co. (Case No. CV–S–95–0173–HDM(LRL) Docket # 22), Butler (Case No. CV–S–95–0174–HDM(LRL) Docket # 17), and Griffen (Case No. CV–S–95–0362–HDM(LRL) Docket # 21).[1] Plaintiff Diamond State Insurance Company [hereinafter "Diamond State"] commenced these four separate diversity actions in federal court to obtain declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201.

Each action involves an insurance coverage dispute about the validity and interpretation of an "assault and battery" exclusion common to the comprehensive general liability policies issued by Diamond State to defendants Fame Operating Co. (dba Ellis Island Casino), the Sobchiks (dba Atomic Liquors), Lake Mead Lounge (and its owner, Hampe), and Erick (dba Backstop Sports Pub) [hereinafter referred to collectively as the "policy holders"]. The policy holders have been sued in state court by defendants the Klebas, Butler, Griffen, and Schreiber, respectively [hereinafter referred to as the "underlying actions"]. These underlying actions involve claims for personal injury arising out of altercations that took place on premises owned or operated by the policy holders.

The Erick Motion to Dismiss, citing to *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942), and its progeny, urges this court to exercise its discretion to decline jurisdiction in favor of the state court. Diamond State, seeking to remain under federal jurisdiction, argues that

Daniel F. Polsenberg, Las Vegas, NV, for plaintiff.

J.E. Ring Smith, Las Vegas, NV, for Klebas.

Frank A. Ellis, III, Las Vegas, NV, for Fame Operating Co.

1. Defendant Griffen also designated his Joinder as a separate Motion to Dismiss and/or Transfer. *Id.*

the *Brillhart* abstention doctrine does not apply to the present cases because the court simply is being asked to decide a single issue of Nevada insurance law.

The United States Supreme Court recently reaffirmed the vitality of the *Brillhart* doctrine, *Wilton v. Seven Falls Co.*, —— U.S. ——, ——, 115 S.Ct. 2137, 2142, 132 L.Ed.2d 214 (1995), and stated that "a district court is authorized, in the sound exercise of its discretion, ... to dismiss an action seeking declaratory judgment...." *Id.* at ——, 115 S.Ct. at 2143. The court's broad discretion derives from the text of the Declaratory Judgment Act itself, which provides that "[i]n a case of actual controversy within its jurisdiction ... any court of the United States ... *may* declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a) (emphasis added); *see Wilton*, —— U.S. at ——, 115 S.Ct. at 2142.

■ Before deciding whether to exercise declaratory jurisdiction, this court first must find that an actual case or controversy exists. *See American Nat. Fire Ins. Co. v. Hungerford*, 53 F.3d 1012, 1015 (9th Cir.1995). A dispute between an insurer and its insured over the duties to defend and indemnify satisfies the Declaratory Judgment Act's case or controversy requirement, irrespective of whether there is an underlying state court action pending. *Id.* at 1015–16; *American States Ins. Co. v. Kearns*, 15 F.3d 142, 144 (9th Cir.1994). The four present cases satisfy this requirement.

■ The more critical inquiry here is whether Diamond State's declaratory relief actions in this court should proceed despite the underlying actions in state court. The court applies the general rule that "federal courts should 'decline to assert jurisdiction in insurance coverage and other declaratory relief actions presenting only issues of state law during the pendency of parallel proceedings in state court unless there are circumstances present to warrant an exception to that rule.'" *Employers Reinsurance Corp. v. Karussos*, 65 F.3d 796, 798 (9th Cir.1995) (internal quotation and punctuation omitted) (quoting *Hungerford*, 53 F.3d at 1019); *see also id.* at 799, 800, 801 (reemphasizing the

general rule that insurance coverage actions belong in state rather than federal court).

The *Karussos* Court noted several policy reasons for this general rule, which include: " 'avoiding rendering opinions based on purely hypothetical factual scenarios, discouraging forum shopping, encouraging parties to pursue the most appropriate remedy for their grievance, preserving precious judicial resources, and promoting comity.'" *Id.* at 798–99 (quoting *Hungerford*, 53 F.3d at 1019). The Court stressed that comity concerns are particularly weighty in insurance cases, because of the "traditional rule that 'states ha[ve] a free hand in regulating the dealings between insurers and their policyholders.'" *Id.* at 799 (alteration in original) (quoting *SEC v. National Securities, Inc.*, 393 U.S. 453, 459, 89 S.Ct. 564, 567, 21 L.Ed.2d 668 (1969)).

Diamond State makes two arguments as to why the court should exercise jurisdiction over the pending actions: (1) the cases involve only the validity and interpretation of the insurance policies' "assault and battery" exclusion, and (2) the underlying actions are not "parallel" and involve no common issues of fact. *Karussos* makes clear that, because of the comity concerns noted above, Diamond State's first argument should be rejected. *See* 65 F.3d at 798, 799.

Diamond State's second contention is simply inaccurate. In *Hungerford*, the Court quoted with approval from the Sixth Circuit decision in *Allstate Ins. Co. v. Mercier*, 913 F.2d 273 (1990):

"It is true that in the present case the federal declaratory judgment action does not parallel a state court action arising from the same facts in the sense that different legal issues are presented by the pleadings. Nevertheless, the federal action does parallel the state action in the sense that the ultimate legal determination in each depends on the same facts."

53 F.3d at 1017 (quoting *Mercier*, 913 F.2d at 278–79). As in *Hungerford* and *Mercier*, the instant cases do "parallel" the underlying state actions. Whether the assault and battery exclusion provisions in the insurance policies require Diamond State to defend and

indemnify the policy holders ultimately depends upon factual questions that overlap the underlying state court actions. Thus, Diamond State's request for declaratory relief requires this court to resolve issues that are similar to those before the state court.

As a related matter, the court observes that at this time, the records before this court are devoid of facts upon which the coverage issue can be determined. The facts necessary to resolve the insurance coverage claims will be developed through the state court proceedings. The court should not be required to assume the facts as alleged to be true, render decisions, and hope that the facts developed during the underlying actions will be exactly as assumed. *See* 53 F.3d at 1017; *Mercier*, 913 F.2d at 278.

Moreover, Diamond State's second assertion, even if true, has been rejected by the Ninth Circuit Court of Appeals. *See Karussos*, 65 F.3d at 800; *Hungerford*, 53 F.3d at 1016–17. Differences in "factual issues before the federal and state courts [are] not dispositive because '[the insurer] could have presented the issues that it brought to federal court in a separate action to the same court that will decide the underlying tort action.'" 65 F.3d at 800 (quoting *Hungerford*, 53 F.3d at 1016–17) (second alteration in original); *see also id.* at 801 ("*Hungerford* applies whether or not there is a similarity of issues").

The existence of Nevada's Uniform Declaratory Judgments Act, NRS §§ 30.010 *et seq.*, is another compelling reason for this court to decline jurisdiction. *See* 53 F.3d at 1018. Diamond State "could have sought declaratory relief from 'the same court[s] that will decide the underlying tort action[s]' under [Nevada's] own declaratory judgment provision." *See id.* (quoting *Mercier*, 913 F.2d at 278).

The plain language of the Declaratory Judgment Act and the policy reasons delineated in *Karussos* and *Hungerford* compel this court to exercise its discretion and decline to assert jurisdiction over the four pending declaratory relief actions. Therefore, the Erick Motion to Dismiss (Case No. CV–S–95–0790–HDM (RJJ) Docket # 6), which was joined by defendants Fame Oper-

ating Co. (Case No. CV–S–95–0173–HDM(LRL) Docket # 22), Butler (Case No. CV–S–95–0174–HDM(LRL) Docket # 17), and Griffen (Case No. CV–S–95–0362–HDM(LRL) Docket # 21), is granted, and Diamond State's Complaints (Docket # 1 in each case) are hereby dismissed without prejudice. Defendant Griffen's Motion to Dismiss and/or Transfer (Case No. CV–S–95–0362–HDM(LRL) Docket # 21) is dismissed as moot. An unrelated Motion to Dismiss filed by Third Party Defendant Layne & Associates, Ltd., (Case No. CV–S–95–0362–HDM(RLH) Docket # 7) also is dismissed as moot.

It is so ORDERED.