JOHN DEERE INSURANCE COMPANY, Through INTERNATIONAL SPECIALTY, INC.; Great America Insurance Company; and Royal Insurance Company of America, Plaintiffs

v.

SMITH LIGHTERAGE COMPANY, INC., Defendant.

No. C96–1189Z.

United States District Court, W.D. Washington.

Dec. 10, 1996.

James W. Talbot, Bauer, Moynihan & Johnson, Seattle, WA, for Plaintiffs.

Katherine M. Steele and Jeffrey M. Wolf, Steele & Sales, P.S., Seattle, WA, for Defendant.

## ORDER

ZILLY, District Judge.

THIS MATTER comes before the Court on defendant's motion to dismiss or, in the alternative, to stay this case pending resolution of a parallel proceeding in Alaska state court, docket no. 8. This motion presents an issue previously unaddressed in the Ninth Circuit: whether a district court should exercise its discretion to entertain actions under the Declaratory Judgment Act involving both federal maritime and state law concerns. The question is important because it involves the uncertain line demarcating where the States' interest in regulating insurance stops and the federal interest in uniform admiralty decisions begins. The Court, having reviewed the pleadings in support of and in opposition to this motion, now GRANTS the

motion of defendant Smith Lighterage Co. to stay this case until the action in Alaska is concluded.

### Background

.Defendant is a lighterage company based in Dillingham, Alaska. Plaintiffs issued a marine insurance policy to defendant on its vessel the ARCTIC TERN for the period of January 14, 1995 to January 14, 1996. Thiemann Decl. ¶ 4. The policy was issued and delivered in Seattle, Washington. Thiemann Decl. ¶ 5. The policy coverage was limited to losses occurring in Alaska waters. Wolf Decl. Exhib. N.

Defendant chartered the ARCTIC TERN to Gale's. Tendering Services on a bareboat basis for thirty days commencing on June 25, 1995. Wolf Decl. Exhib. D. The vessel sank on July 17, 1995, in Nushagak Bay, off the coast of Alaska. Plaintiffs denied coverage for the loss on May 13, 1996. Wolf Decl. Exhib. I.

After attempts at settling the coverage dispute failed, plaintiffs filed this claim for a declaratory judgment on July 31, 1996 relating to eight affirmative defenses to liability. On August 15, 1996 defendant filed a claim in Alaska state court seeking compensation for its losses. That case was removed to federal court by the insurers, but has subsequently been remanded to state court.

### Discussion

■ District courts possess a great deal of discretion to decide whether to exercise their jurisdiction to hear suits invoking the Declaratory Judgment Act, 28 U.S.C. § 2201(a). *Wilton v. Seven Falls Co.,* —— U.S. ——, ——, 115 S.Ct. 2137, 2142–43, 132 L.Ed.2d 214, 223 (1995). This arises from the fact that "concerns of 'practicality' and 'wise judicial administration' generally counsel against the exercise of federal-court jurisdiction over claims for declaratory relief that involve only state law questions and are brought during the pendency of a related state court proceeding." *Employers Reinsurance Corp. v. Karussos,* 65 F.3d 796, 801 (9th Cir.1995). Although the presence of federal issues may reduce a district court's

discretion, *Wilton,* — U.S. at —, 115 S.Ct. at 2143–44, 132 L.Ed.2d at 225, the Court holds that in circumstances where state law concerns predominate, as they do in the case at bar, staying the case pending resolution of the state law issues is appropriate. A stay, rather than dismissal, is the preferred course of action. *Wilton,* — U.S. at — n. 2, 115 S.Ct. at 2143 n. 2, 132 L.Ed.2d at 224 n. 2 (staying the case "assures that the federal action can proceed without risk of a time bar if the state case, for any reason, fails to resolve the matter in controversy").

The Ninth Circuit has not yet determined how much discretion a district court enjoys to abstain from declaratory judgment actions when the court is sitting in admiralty. Rather, the recent cases have all been based on diversity jurisdiction. *See, e.g., Maryland Casualty Co. v. Knight,* 96 F.3d 1284 (9th Cir.1996); *Golden Eagle Ins. Co. v. Travelers Co.,* 95 F.3d 807 (9th Cir.1996); *Karussos,* 65 F.3d at 798. While the federal courts' interest in a case is at its lowest when sitting in diversity, *Continental Casualty Co. v. Robsac Indus.,* 947 F.2d 1367, 1371 (9th Cir.1991), thereby tilting the Ninth Circuit's analyses towards abstention, the principles announced in those decisions still provide useful guidance for the Court. Significantly, the Ninth Circuit has held that a district court using its discretion to hear a declaratory judgment action is the exception rather than the rule. *Golden Eagle Ins.,* 95 F.3d at 810–11.

The Supreme Court's decision in *Brillhart v. Excess Ins. Co.,* 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942), established the standard for determining whether abstention is proper. The Ninth Circuit has construed this opinion to require three considerations in deciding whether to retain jurisdiction or to abstain: to avoid needlessly deciding issues of state law, to discourage forum shopping, and to avoid duplicative litigation. *Robsac,* 947 F.2d at 1371; *see also Knight,* 96 F.3d at 1288–90; *American Nat'l Fire Ins. Co. v. Hungerford,* 53 F.3d 1012, 1016–18 (9th Cir.1995). The *Robsac* court also added two factors to the analysis: whether retaining jurisdiction would foster piecemeal litigation and whether it would violate the spirit

behind the diversity removal provision. *Id.* at 1373.

A. Needlessly Deciding Issues of State Law

■ While other types of insurance policies are generally left to the States for regulation, federal maritime law will provide the rule of decision for certain issues related to marine insurance policies. Under Ninth Circuit law, interpretation of marine insurance policies is a matter of state law unless a federal statute exists, the federal judiciary has crafted a rule of decision, or unless the court finds a need for uniformity in admiralty practice. *Port Lynch, Inc. v. New England Int'l Assurety of America, Inc.,* 754 F.Supp. 816, 819–20 (W.D.Wash.1991) (citing *Wilburn Boat Co. v. Fireman's Fund Ins. Co.,* 348 U.S. 310, 75 S.Ct. 368, 99 L.Ed. 337 (1955)). For those defenses to coverage for which federal maritime law does not provide the substantive law, the court must apply the law of the state with the greatest interest. *Lien Ho Hsing Steel Enter. Co. v. Weihtag,* 738 F.2d 1455, 1458 (9th Cir.1984).

■ Plaintiff insurance companies raise a mixture of state and federal issues in their request for declaratory relief. The federal issues include the doctrines of *uberrimae fidei* and unseaworthiness. *See Port Lynch,* 754 F.Supp. at 822, 826. Plaintiffs, however, concede in footnote two of their response memorandum, docket no. 14, that state law would control the important issue of the relationship between insurance brokers and underwriters. As to the remaining issues, a thorough *Wilburn Boat* analysis is not required to determine how many fall under state regulation and how many are governed by federal law because the other *Robsac* considerations counsel against exercising jurisdiction and outweigh any interest served by the presence of some federal concerns.

The Second Circuit's decision in *Youell v. Exxon Corp.,* 74 F.3d 373 (2d Cir.), *cert. denied,* — U.S. —, 116 S.Ct. 2514, 135 L.Ed.2d 203 (1996), does not require a contrary result. In *Youell,* the court reversed a district court's decision to dismiss a declaratory judgment action involving marine insurance. That case can be distinguished because the Second Circuit decided that the question presented—"whether maritime loss-

es caused by an insured's recklessness are fortuitous"—was significant enough to warrant formulation of a rule in federal maritime law. The Second Circuit also found unpersuasive the other policy considerations furthered by federal court abstention. *Id.* at 376. Because the issues present in this declaratory judgment action do not mandate the creation of new federal law, and because state law issues predominate, abstention is proper.

B.   Discouraging Forum Shopping

Defendant asserts that plaintiffs knew of its intent to file suit in state court and filed in federal court first solely to obtain its choice of forum. Plaintiffs dispute this contention. Ninth Circuit precedent does favor abstention in circumstances where a declaratory judgment action reeks of forum shopping. *Robsac,* 947 F.2d at 1372. There is not, however, any per se rule barring declaratory judgments in insurance coverage disputes when a pending state court action exists. *American States Ins. Co. v. Kearns,* 15 F.3d 142, 144 (9th Cir.1994).

A declaratory judgment action can be reactive forum shopping even if no case is pending in state court at the time of filing. *Maryland Casualty Co. v. Knight,* 96 F.3d 1284, 1289 (9th Cir.1996) (quoting *Robsac,* 947 F.2d at 1372–73). Thus the order in which the claims were filed in state and federal court does not dispose of the question of whether reactive forum shopping is present. Because the record supports the conclusion that plaintiffs knew the insured intended to file suit in Alaska state court in the event the dispute over coverage required litigation, *see* Wolf Decl. Exhib. K, this prong of the *Robsac* analysis weighs in favor of a stay.

C.   Avoiding Duplicative Litigation

The interest in avoiding duplicative litigation also strongly argues in favor of abstention. The third *Robsac* factor counsels district courts against deciding declaratory judgment actions when a state court can resolve the case. *See Robsac,* 947 F.2d at 1373. The Alaska court can adjudicate all of the issues raised in this declaratory judgment action. Under 28 U.S.C. § 1333, state courts have concurrent jurisdiction with the federal courts to interpret the aspects of

marine insurance policies governed by federal maritime law. *See Offshore Logistics, Inc. v. Tallentire,* 477 U.S. 207, 222–23, 106 S.Ct. 2485, 2494, 91 L.Ed.2d 174 (1986) ("[T]he 'saving to suitors' clause allows state courts to entertain in personam maritime causes of action, but in such cases the extent to which state law may be used to remedy maritime injuries is constrained by a so-called 'reverse-Erie' doctrine which requires that the substantive remedies afforded by the States conform to governing federal maritime standards.").

D.   Avoiding Piecemeal Litigation

The interest in avoiding piecemeal litigation also provides a persuasive reason for staying this declaratory judgment action. Additional parties are involved in the action before the state court. The aspects of the case relating to these individuals will have to go forward even if the Court were to issue a declaratory judgment. Thus piecemeal litigation would result.

### *Conclusion*

Because of the interest in avoiding duplicative and piecemeal litigation, the Court will stay plaintiffs' request for a declaratory judgment.

IT IS SO ORDERED.