107 F.3d 877
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
NORTHERN INSURANCE CO. OF NEW YORK; Assurance Company of
America, Inc.; Patrick Gallaher; William P.
Gallaher; Gallaher Construction, Inc.,
Plaintiffs-Appellants,
v.
ALLIED MUTUAL INSURANCE CO., Defendant-Appellee.
 No. 96-15118.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 14, 1997.
Decided Feb. 24, 1997.
 
 Before: SNEED, LEAVY and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The parties are familiar with the facts of this case, and we will not restate them here. This case presents three issues on appeal: (1) whether the district court properly exercised its discretion in electing to grant declaratory relief, (2) whether the endorsement defining the term "your product" was inconspicuous, and (3) whether an exception to an exclusion in the Allied policy creates a contradiction between exclusions and renders the policy ambiguous.
 
 
 3
 We review a district court's grant of summary judgment de novo. Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir.1996).
 
 Availability of Declaratory Relief
 
 4
 Relying on Employers Reinsurance Corp. v. Karussos, 65 F.3d 796 (9th Cir.1995), Northern argues that the district court erred in exercising jurisdiction over the case. While the district court's decision to grant declaratory relief under the Declaratory Judgment Act, 28 U.S.C. § 2201, is a matter of discretion, we must exercise our "own sound discretion" in determining the propriety of the district court's decision. United States v. Washington, 759 F.2d 1353, 1356 (9th Cir.1985). "In determining whether the decision to grant declaratory relief is proper, we consider both the circumstances of the parties and the sound jurisprudence of the court." Id. at 1357. After a thorough review of the record, the briefs and the parties' oral arguments, we determine that the district court properly exercised its discretionary jurisdiction under the circumstances of the case.
 
 Conspicuousness
 
 5
 Northern suggests that Endorsement 28, which defines "your product," is inconspicuous, in that: (1) although it operates as an exclusion, it is not captioned or positioned as such; (2) the policy schedule of endorsements simply refers to Endorsement 28 as a "blank endorsement"; and (3) all other endorsements identified in the schedule, which purport to exclude coverage, are identified as "exclusions" or "exceptions."
 
 
 6
 Exclusionary clauses "must be positioned in a place and printed in a form which would attract a reader's attention." Ponder v. Blue Cross, 145 Cal.App.3d 709, 719 (1983). The substance of an exclusion "must be stated in words that convey the proper meaning to persons expected to read the contract." Id.
 
 
 7
 First, Northern has not cited any legal authority suggesting that policy definitions which affect the scope and application of exclusions are subject to the same conspicuousness requirements as the exclusions themselves. But, in any event, Endorsement 28 is not inconspicuous. The endorsement appears on a free standing, 2-page attachment to the policy. In contrast to the policy, Endorsement 28 is set out in all capital letters and bold print. The definition of "your product" appears under the heading:
 
 
 8
 THIS ENDT. CHANGES THE POLICY. PLEASE READ IT CAREFULLY.
 
 
 9
 AMENDMENT OF "YOUR PRODUCT" DEFINITION.
 
 
 10
 The district court correctly held that "[i]n contrast to the exclusions buried in 'seas' and 'rivers' of print found objectionable by California courts, Endorsement 28 is not inconspicuous and is therefor enforceable." (citing Schmidt v. Pacific Mut. Life Ins. Co., 268 Cal.App.2d 735, 737 (1969)).
 
 Contradictory Exclusions
 
 11
 National contends that the Allied policy contains two contradictory exclusions, k and l. Under Exclusion k, property damage to "your product," which includes the apartment complex, is not covered. Under Exclusion l, property damage to "your work," which includes the apartment complex, is not covered. However, Exclusion l does not apply to work performed by subcontractors. National asserts that: (1) because one exclusion contains an exception for subcontractors, the exclusions contradict; (2) because the exclusions contradict, the policy is ambiguous; and (3) any ambiguities should be resolved in favor of the insured. National suggests we resolve this dilemma by simply refusing to apply Exclusion k. National's argument misreads the insurance contract. The exclusions apply independently of each other. Simply put: While Exclusion l does not prohibit coverage, Exclusion k does. There is, therefore, no coverage. See St. Paul Fire & Marine Ins. Co. v. Coss, 80 Cal.App.3d 888 (1972) (holding that an exception in one exclusion remains subject to and limited by all other related exclusions contained in the policy). As the district court correctly analogized:
 
 
 12
 Although [Allied's] Exclusion l allows for the possibility of coverage in certain limited circumstances (when work is performed by subcontractors), Exclusion k absolutely prohibits coverage for property damage to the insured's "product," which the apartment complex is according to the definition provided in Endorsement 28. As in Coss, the exception to [Allied's] Exclusion l is still limited by Exclusion k. Certainly, the effect of Exclusion k should not be vitiated simply because another exclusion is limited by an exception.
 
 
 13
 Finally, Northern is incorrect in asserting that ambiguities should be resolved in its favor. The "general principle that ambiguities in insurance contracts must be interpreted in favor of coverage is inapplicable where ... the case concerns only the respective liabilities of two insurers." Chemstar, Inc. v. Liberty Mut. Ins. Co., 41 F.3d 429 (9th Cir.1994), cert. denied, 116 S.Ct. 1847 (1996) (quoting Fireman's Fund Ins. Co. v. Aetna Cas. & Sur. Co., 273 Cal.Rptr. 431, 435 (1990)).
 
 
 14
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3