110 F.3d 69
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
NUCOR CORPORATION, Plaintiff-Appellant,
v.
AETNA CASUALTY & SURETY COMPANY, Defendant,
and
Hartford Accident & Indemnity Company, Defendant-Appellee.
 No. 94-16685.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 8, 1996.
Decided March 28, 1997.
 
 Before: FLETCHER and FERGUSON, Circuit Judges, and KING,* District Judge.
 MEMORANDUM**
 Nucor Corporation appeals the district court's grant of summary judgment in favor of Hartford Accident and Indemnity Company. Nucor's diversity action seeks a declaratory judgment that Hartford was required to defend Nucor. Hartford refused to accept a tender of defense of two underlying state-law claims, one administrative and one civil. Federal "[c]ourts should generally decline to assert jurisdiction in insurance coverage and other declaratory relief actions presenting only issues of state law during the pendency of parallel proceedings in state court." American National Fire Insurance Co. v. Hungerford, 53 F.3d 1012, 1019 (9th Cir.1995) (citation and internal quotation marks omitted). We conclude that there are no "circumstances present to warrant an exception to the general rule that the action belongs in state rather than federal court." See Employers Reinsurance Corp. v. Karussos, 65 F.3d 796, 799 (9th Cir.1995) (citation and internal quotation marks omitted). We therefore vacate the district court's grant of summary judgment and remand with instructions to dismiss Nucor's complaint.
 I.
 Nucor sought a declaratory judgment that Hartford had a duty to defend two underlying actions, one before an administrative body and one in state court. Both actions allege, inter alia, that a manufacturing facility owned by Nucor polluted local groundwater. The administrative action commenced with a 1989 demand letter from the Arizona Department of Environmental Quality ("ADEQ") against Nucor. The court proceeding was a class action filed in Arizona state court in 1992 by Phoenix and Scottsdale residents against Nucor and ten other municipal and corporate defendants. In addition to its declaratory judgment action, Nucor asserts breach of contract and bad faith claims against Hartford for breach of the duty to defend. Hartford argues that Nucor's claims are excluded from coverage by the pollution exclusion in Nucor's policy. Nucor argues that the claims fall within the "sudden and accidental exception" to the pollution exclusion. The district court granted summary judgment to Hartford and dismissed all of Nucor's claims. The district court held that, under Arizona law, the "sudden and accidental exception" does not apply because the pollution occurred gradually.
 II.
 This case was decided by the district court before this court's decisions in American Nat'l Fire Ins. Co. v. Hungerford, 53 F.3d 1012 (9th Cir.1995), and Employers Reinsurance Corp. v. Karussos, 65 F.3d 796 (9th Cir.1995). For reasons of comity and to conserve judicial resources, the Hungerford/Karussos line of cases instructs that a district court generally should decline to exercise jurisdiction over an insurance coverage declaratory judgment suit presenting only issues of state law during the pendency of related proceedings in state court.
 In this case the insured is seeking a declaratory judgment that the insurer has a duty to defend two underlying actions. At least one of these actions was pending in state court when the federal claim was brought. Another forum was available because Nucor could have brought its claim in Arizona state court. Particularly where, as here, the case raises only questions of state law, the state court is generally the preferred forum and the district court should decline to exercise jurisdiction. Hungerford, 53 F.3d at 1018. Application of this doctrine is particularly compelling in this case because the parties ask that the federal court resolve an important state law issue which has yet to be addressed by Arizona state courts.
 Although Nucor seeks more than a declaratory judgment, the "request for monetary relief is wholly dependent upon a favorable decision on [the] claim for declaratory relief. [Thus, the] action is plainly one for declaratory relief." Golden Eagle Insurance Company v. Travelers Companies, 103 F.3d 750, 755 (9th Cir.1996) (citations omitted). In Golden Eagle the insurer sought contribution and indemnity in addition to declaratory relief. Id. Here too, determination of the contract and bad faith claims is "wholly dependent" upon the outcome of the action for declaratory relief.
 In Golden Eagle, the court exercised its discretion to reach the merits and affirmed the district court. Because the district court's judgment was correct on the merits, we found the error harmless because the state-law governing the merits was well-established. Id. at 756. Here, we cannot reach the same conclusion. A majority of state courts which have addressed the underlying state law issue have reached a result contrary to that of the district court. The Arizona courts have yet to confront this important issue of state law. Thus, as a matter of comity we conclude that the district court decision should be vacated and the district court directed to dismiss the action. See Government Employees Ins. Co. v. Dizol, No. 95-17393, 1997 W.L. 857 49 (9th Cir. Feb. 28, 1997); Budget Rent-A-Car v. Crawford and Perry, No. 94-17085 (9th Cir. March 6, 1997).
 III.
 Nucor brought this action under the Declaratory Judgment Act, 28 U.S.C. § 2201. "The Declaratory Judgment Act was an authorization, not a command.... A declaratory judgment ... should be granted only as a matter of judicial discretion, exercised in the public interest." Public Affairs Assocs. v. Rickover, 369 U.S. 111, 112 (1962) (per curiam) (citations and internal quotations omitted). The Supreme Court's recent holding that federal courts may not dismiss, on Burford abstention grounds, common-law actions for damages does not affect our disposition here. See Quackenbush v. Allstate Ins. Co., 116 S.Ct. 1712 (1996). The Court distinguished declaratory judgment actions, where federal courts have discretion to decline jurisdiction. Id. at 1722 (citing Wilton v. Seven Falls Co., 115 S.Ct. at 2140).
 We direct that the district court opinion be vacated, and remanded to the district court with direction to dismiss the action without prejudice to refiling in state court.
 VACATED and REMANDED.
 
 
 
 *
 The Honorable Samuel P. King, United States District Judge for the District of Hawaii, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3