116 F.3d 1485
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
ALLSTATE INSURANCE COMPANY an Illinois Corporation,
Plaintiff-Appellant,
v.
Dane M. WILSON, Defendant,
and
Aaron MULKINS, Defendant-Appellant.
 No. 95-56502.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted February 5, 1997.**
Filed June 27, 1997.
 
 Appeal from the United States District Court for the Southern District of California Marilyn L. Huff, District Judge, Presiding.
 Before PREGERSON, REINHARDT and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellant Aaron Mulkins filed an action in state court against Dane Wilson seeking damages arising from a stabbing incident. During the pendency of the state court proceeding, appellee Allstate filed a declaratory relief action against both Mulkins and Wilson in federal court seeking a declaration that it had no duty to defend or indemnify Wilson in the underlying state court action. The district court granted Allstate's summary judgment motion and entered judgment in its favor. Mulkins appeals from the district court's summary judgment ruling and argues that the district court erred in exercising its discretion to hear this case under the Declaratory Judgment Act, 28 U.S.C. § 2201.
 
 
 3
 We conclude that there are no facts or "circumstances present to warrant an exception to the general rule that the action belongs in state rather than federal court." Employers Reinsurance Corp. v. Karussos, 65 F.3d 796, 799 (9th Cir.1995) (citations omitted). Thus, we vacate the district court's summary judgment ruling and remand with instructions to dismiss.
 
 
 4
 Because the parties are familiar with the facts, we need not recite them here.
 
 I.
 
 5
 The determinative issue in this appeal is whether the district court erred in exercising its discretion to hear this case. Under the Declaratory Judgment Act, a district court has discretion to decline to exercise jurisdiction over declaratory relief actions which otherwise satisfy the court's jurisdictional requirements. 28 U.S.C. § 2201(a); Wilton v. Seven Falls Co., 115 S.Ct. 2137, 2140 (1995). "Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." Brillhart v. Excess Ins. Co., 316 U.S. 491, 495 (1942). Thus, federal courts should decline to hear insurance coverage actions presenting only state law issues during the pendency of parallel state court proceedings. Karussos, 65 F.3d at 798.
 
 
 6
 This rule serves several important policies including: avoiding rendering opinions based on purely hypothetical factual scenarios; discouraging forum shopping; and promoting comity. American Nat'l Fire Ins. v. Hungerford, 53 F.3d 1012, 1019 (9th Cir.1995); see also Maryland Cas. Co. v. Knight, 96 F.3d 1284, 1289 (9th Cir.1996) (noting that this rule conserves judicial resources, avoids duplicative litigation, and avoids needless resolution of state law issues in federal courts (citing Karussos, 65 F.3d at 800)).
 
 II.
 A. Factual Record
 
 7
 The district court concluded that the record before it was fully developed and exercised its discretion to hear this case. We disagree.
 
 
 8
 To determine whether any coverage exists under the policy or whether any exclusions apply, the district court had to determine whether Wilson acted intentionally or wilfully rather than negligently. Notwithstanding Wilson's guilty plea, the key factual issue of Wilson's intent in stabbing Mulkins, whether general or specific, remains to be determined.
 
 
 9
 A proposed stipulated judgment in the underlying state action provides that Wilson's conduct was "negligent, [and] not intentional, malicious, or willful." If the state court adopted the proposed stipulated judgment, it would constitute evidence that Wilson did not act intentionally in stabbing Wilson, notwithstanding his guilty plea to a general intent crime. Such a finding by the state court would directly contradict the district court's present conclusion that the stabbing "was not an accident." As we warned in Hungerford: "Without any factual record, there is a real possibility that the district court's declaration of no coverage would conflict with a state court's determination of the coverage question after being informed of the facts." Hungerford, 53 F.3d at 1017 (citation omitted).
 
 B. Forum Shopping
 
 10
 Allstate could have filed its declaratory relief action in state rather than federal court. The district court also should have declined to hear this action so as not to "encourage forum shopping, procedural fencing, and the 'race for res judicata.' " Id.
 
 C. Comity
 
 11
 The interests of comity also compel the conclusion that the district court should have declined to hear this case. "The Supreme Court has instructed federal courts to avoid needlessly determining issues of state law." Hungerford, 53 F.3d at 1018 (citing Brillhart, 316 U.S. at 495). Thus, even if a declaratory judgment would clarify the parties' legal relationship, that clarification "would only come at the cost of increasing friction between state and federal courts, and would constitute an improper encroachment on state court jurisdiction." Id. at 1019 (footnote omitted).
 
 
 12
 Comity concerns are particularly weighty in insurance coverage disputes. Karussos, 65 F.3d at 799. Traditionally, "[s]tates ha[ve] a free hand in regulating the dealings between insurers and their policyholders." SEC v. National Sec., Inc. 393 U.S. 453, 459 (1969). "[S]tates regulate insurance companies for the protection of their residents, and state courts are best situated to identify and enforce the public policies that form the foundation of such regulations." Karussos, 65 F.3d at 799 (quotation omitted).
 
 III.
 
 13
 Finally, Allstate contends that: (1) there was no state court action pending; and (2) the underlying state action never paralleled the federal declaratory relief action. These contentions are without merit.
 
 
 14
 First, " 'the propriety of the district court's assumption of jurisdiction is judged as of the time of filing, not the time of appeal.' " Golden Eagle Ins. Co. v. Travelers Cos., 103 F.3d 750, 756 (9th Cir.1996) (emphasis added) (citing Karussos, 65 F.3d at 800; Hungerford, 53 F.3d at 1016). Mulkins filed the underlying action in state court on January 12, 1994. Before the state court dismissed that action, Allstate filed this declaratory relief action in federal court. Thus, when Allstate filed its federal court action, the state court action was pending.
 
 
 15
 Second, where a "state proceeding involves a state law issue that is predicated on the same factual transaction or occurrence involved in a matter pending before a federal court, the state court is the more suitable forum...." Hungerford, 53 F.3d at 1017 (emphasis added); see also Golden Eagle, 103 F.3d at 755 ("It is enough that the state proceedings arise from the same factual circumstances.").
 
 
 16
 In this case, the underlying state action arises from the stabbing incident. Allstate now seeks a declaration that it owes no coverage for that incident. The state and federal cases necessarily arise from the same "factual transaction or occurrence." Furthermore, any factual difference between these actions is not dispositive because Allstate "could have presented the issues that it brought to federal court in a separate action to the same court that will decide the underlying tort action." Karussos, 65 F.3d at 800 (citation omitted); see also Golden Eagle, 103 F.3d at 754-55 (noting that issues in federal and state actions need not be the same).
 
 
 17
 Allstate's contention that it could not have been made a party to the underlying state action is also without merit. Even though Allstate is not presently a party to the underlying state action, Allstate could have brought its declaratory relief action in the California courts. See Cal.Civ.Proc.Code § 1060.[1] See also Golden Eagle, 103 F.3d at 755 (noting that party in federal action need not be party in state court action). Thus, Allstate could have presented the issues in this action in a separate action to the same court hearing the underlying state action.[2]
 
 IV.
 
 18
 For these reasons, the district court's order granting summary judgment in favor of Allstate is vacated, and this matter is remanded to the district. court with direction to dismiss the action.
 
 
 19
 VACATED and REMANDED.
 
 
 
 **
 The panel unanimously found this case suitable for decision without oral argument. Fed. R.App. P. 34(a) and Ninth Circuit Rule 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Section 1060 states in part:
 Any person ... who desires a declaration of his or her rights or duties with respect to another ... may, in cases of actual controversy relating to the legal rights and duties of the respective parties, bring an original action ... in the superior court ... for a declaration of his or her rights and duties ... including a determination of any question of construction ... arising under ... [a] contract.
 
 
 [2]
 Because we are not certain that the district court "came up with the right answer" when it decided the merits, we conclude that the district court's exercise of its discretion to hear this case cannot be considered harmless. Golden Eagle 103 F.3d at 752 (concluding that although the district court erred in exercising its discretion to hear the case, that error was harmless because the district court's determination on the merits was correct)