119 F.3d 7
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
SMITH MAILER MANUFACTURING, a California Corporation,
Plaintiff-Appellant,
v.
LIBERTY MUTUAL INSURANCE COMPANY, a Massachusetts
Corporation, Defendant-Appellee.
 No. 95-56696.
 United States Court of Appeals, Ninth Circuit.
 July 21, 1997.
 
 Appeal from the United States District Court for the Central District of California, D.C. No. CV-95-05899-R; Manuel L. Real, District Judge, Presiding.
 Before: PREGERSON, REINHARDT, and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellant Smith Mailer brought suit in state court against its insurer, appellee Liberty Mutual, for declaratory and monetary relief claiming that Liberty Mutual breached its duty to defend Smith Mailer in a separate state court action. Liberty Mutual removed the suit to federal court based on diversity jurisdiction. The district court granted Liberty's summary judgment motion and denied Smith Mailer's partial summary judgment motion. Smith Mailer now appeals the district court's summary judgment rulings and contends that the district court should have exercised its discretion to decline to hear the case.
 
 
 3
 Because the parties are familiar with the facts, we need not recite them here.
 
 I.
 
 4
 Under the Declaratory Judgment Act, a district court has discretion to decline to hear a declaratory relief action which otherwise satisfies the court's jurisdictional requirements. 28 U.S.C. § 2201(a); Wilton v. Seven Falls Co., 515 U.S. 277, 282 (1995). In this case, however, the district court did not indicate whether it exercised its discretion. Instead, the district court simply addressed the merits of the parties' summary judgment motions.
 
 
 5
 When a district court has not exercised its discretion under the Declaratory Judgment Act, we generally remand the matter to the district court for that court to exercise its discretion and to determine whether it should decline to hear the case. See Golden Eagle Ins. Co. v. Travelers Cos., 103 F.3d 750, 754 (9th Cir.1996). In this case, however, we need not remand the matter to the district court because the district court had no discretion to decline to hear this matter.
 
 II.
 
 6
 Smith Mailer's complaint asserts claims for both declaratory relief and money damages. While the district court had discretion to decline to hear Smith Mailer's declaratory relief claims, it had no discretion to decline to hear its claims for money damages. See Maryland Cas. Co. v. Knight, 96 F.3d 1284, 1289 & n. 6 (9th Cir.1996) (noting that the district court had no discretion to decline to hear a claim for money damages filed with a declaratory relief claim); Chamberlain v. Allstate Ins. Co., 931 F.2d 1361, 1367 (9th Cir.1991) (noting that the district court had to retain jurisdiction over a bad faith suit filed with a declaratory relief claim); see also Continental Cas. Co. v. Robsac Indus., 947 F.2d 1367, 1373 (9th Cir.1991) (discussing Chamberlain and noting that "the district court's jurisdiction over the [bad faith] claim for monetary relief was not discretionary").[1]
 
 
 7
 As we stated in Knight: "Because there existed an independent basis for jurisdiction over [the insured's] counterclaim (diversity of citizenship), even if the district court had chosen to [exercise its discretion under the Declaratory Judgment Act and] dismiss the declaratory relief complaint, the counterclaim [for money damages] would still be pending before the court." 96 F.3d at 1289 (emphasis added); see also Chamberlain, 931 F.2d at 1367 ("Even if the district court had refrained from exercising its jurisdiction over [the insurer's] declaratory relief counterclaim, the district court still would have had to exercise its diversity jurisdiction over [the insured's] bad faith suit.") (emphasis added). In this case, as in Knight and Chamberlain, the district court had no discretion to decline to exercise jurisdiction over Smith Mailer's bad faith claims for money damages.
 
 
 8
 Our decisions in Golden Eagle and Employers Reinsurance Corp. v. Karussos, 65 F.3d 796 (9th Cir.1995), are distinguishable. In Golden Eagle, the plaintiff sought declaratory relief, as well as monetary relief in the form of contribution and indemnity claims. 103 F.3d at 753. We held that the "request for monetary relief is wholly dependent upon a favorable decision on [the plaintiff's] claim for declaratory relief" and that the action is "plainly one for declaratory relief." Id. at 755.
 
 
 9
 Similarly, in Karussos, we held that an action for declaratory relief which also sought monetary relief in the form of defense costs is "dependent on the district court's first favorably resolving its claim for declaratory relief." 65 F.3d at 801. Again, we concluded that the action is "plainly one for a declaratory judgment." Id.
 
 
 10
 In this case, Smith Mailer asserts bad faith claims for money damages against Liberty Mutual. Unlike claims for contribution or defense costs, Smith Mailer's claims for money damages are not "wholly dependent" upon a favorable decision in the declaratory relief action. Thus, the district court had to retain those claims under its diversity jurisdiction. Because the district court had to retain Smith Mailer's claim for monetary relief, it also had to retain Smith Mailer's declaratory relief claims to avoid piecemeal litigation and forum shopping. See Knight, 96 F.3d at 1289; Chamberlain, 931 F.2d at 1367.
 
 
 11
 First, dismissal of the declaratory relief claims would result in "piecemeal litigation" because the district court would retain the claim for monetary relief, while the state court decided the declaratory relief claim. See Knight, 96 F.3d at 1289 ("The Declaratory Judgment Act was intended to avoid, not promote, [piecemeal litigation]."); Chamberlain, 931 F.2d at 1367 ("In most cases when a district court refrains from exercising its jurisdiction, the result is that no aspect of the proceeding remains in federal court.... This is not so here.") (citations omitted). Further, "dismissal in this case would not [spare] the district court the task of determining issues of state law." Knight, 96 F.3d at 1289 (citing Chamberlain, 931 F.2d at 1366-68).
 
 
 12
 Second, although Smith Mailer initially filed this action in state court, they did not object to litigation in federal court until the district court granted summary judgment in Liberty's favor. Rather than encourage forum shopping, we conclude that the district court had no discretion to decline to hear this case. See id. at 1289-90.
 
 
 13
 Because a remand in this case "would be futile and would only frustrate the interest in judicial economy," we reach the merits of the district court's summary judgment rulings. Karussos, 65 F.3d at 799.
 
 III.
 
 14
 Under California law, an insurance carrier has a duty to defend a suit against its insured when there is any potential for coverage under its policy. Montrose Chem. Corp. v. Superior Court, 24 Cal.Rptr.2d 467, 471 (Cal.1993). In this case, the Commercial General Liability ("CGL") policy provides:
 
 
 15
 a. We will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance policy applies.
 
 
 16
 ....
 
 
 17
 b. This insurance applies to 'property damage' ... only if [the] 'property damage' is caused by an 'occurence' ... during the policy period.
 
 A. No Coverage for Contract Claims
 
 18
 The CGL policy and the umbrella policy (collectively the "Policies") provide coverage for those sums which "the insured becomes legally obligated to pay as damages." "California courts have consistently interpreted this language to cover only tort liabilities and not those liabilities arising in contract." Stanford Ranch, Inc. v. Maryland Cas. Co., 89 F.3d 618, 624 (9th Cir.1996) (citations omitted); see also Aim Ins. Co. v. Culcasi, 280 Cal.Rptr. 766, 768 (Cal.Ct.App.1991). "If a claim is dependent upon the existence of an underlying contract, the claim sounds in contract, as opposed to tort." Stanford Ranch, 89 F.3d at 625 (citations omitted).
 
 
 19
 In this case, the underlying action alleges negligent and intentional misrepresentation, breach of contract, rescission and breach of express and implied warranty. Liability for each of these claims depends upon the existence of the underlying contract between JB Vending and Smith Mailer for the purchase, delivery and maintenance of 75 Stop n' Pop vending machines. Specifically, JB Vending alleged that Smith Mailer breached three material terms of the contract: (1) that Smith Mailer would "deliver the machines in a timely manner"; (2) that "the machines would function in a proper and workmanlike manner and would be free of any defects"; and (3) that Smith Mailer "would service and repair the machines and provide replacement parts from its inventory."
 
 
 20
 Because each cause of action in the underlying complaint relates to Smith Mailer's alleged breach of its contract with JB Vending, they are not covered by the Policies and Liberty does not have a duty to defend the underlying lawsuits.
 
 B. No Coverage for Economic Loss
 
 21
 Smith Mailer contends that JB Vending's claims for damages are covered under the Policies because the underlying complaint alleges "physical injury to tangible property, i.e. broken machines" which are not economic losses.
 
 
 22
 The underlying complaint seeks damages for rescission, breach of contract, loss of income, lost profits, and for the consequential start up costs of the venture. Such intangible economic interests are not covered by the Policies. See Waller v. Truck Ins. Exch., 44 Cal.Rptr.2d 370, 377 (Cal.1995) ("The focus of coverage for property damage is therefore the property itself, and does not include intangible economic losses ..."); Montrose, 24 Cal.Rptr.2d at 476-77 ("suit seeking recovery for injuries to intangible economic interests is not .... covered by a CGL policy"); Keating v. National Union Fire Ins. Co. of Pittsburgh, 995 F.2d 154, 156 (9th Cir.1993) ("Economic loss is not damage or injury to tangible property covered by a comprehensive general liability policy.") (citation omitted).
 
 
 23
 Smith Mailer contends that JB Vending's claims for economic damages are insurable physical injury. Even if damage to the vending machines sold by Smith Mailer to JB Vending could be construed to constitute otherwise covered "property damage," the "Your Product" exclusion precludes any coverage under the Policies. The Policies expressly exclude coverage for " '[p]roperty damage' to 'your product' arising out of it or any part of it."
 
 
 24
 Smith Mailer contends, however, that the "Rented Property" exception to the "Your Product" exclusion applies. The "Rented Property" exception states: " 'Your product' does not include vending machines or other property rented to or located for the use of others but not sold." It is undisputed that Smith Mailer sold and did not rent the vending machines. Thus, the "Rented Property" exception to the "Your Product" exclusion does not apply. Cf. Insurance Co. of N. Am. v. Electronic Purification Co., 63 Cal.Rptr. 382, 383 (Cal.1967) (product rented but not sold).
 
 
 25
 Because the "Your Product" exclusion bars coverage and the "Rented Property" exception is inapplicable, Liberty owes no coverage under the policy and has no duty to defend.
 
 
 26
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Smith Mailer contends that Chamberlain is no longer good law. To the extent Chamberlain held that this court reviews the district court's decision whether to exercise jurisdiction under the Declaratory Judgment Act de novo, Smith Mailer is correct. See Wilton, 515 U.S. at 289 and Employers Reinsurance Corp. v. Karussos, 65 F.3d 796, 799 (9th Cir.1995) (applying the abuse of discretion standard to such decisions). Nevertheless, Chamberlain's reasoning, that the district court had no discretion under the Declaratory Judgment Act to decline jurisdiction over a claim for money damages, is still valid. See generally Knight, 96 F.3d at 1289 (following Chamberlain )