**INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 1357, George Waialeale, and Joseph Vierra, Plaintiffs,**

v.

**AMERICAN INTERNATIONAL ADJUSTMENT CO., INC., AIG Claims Services, Inc., New Hampshire Insurance Com., John Does 1–5, Jane Does 1–5, Doe Corporations 1–5, Roe Non-profit Organizations 1–5, and Roe Governmental Entities 1–5, Defendants.**

Civ. No. 96–00300 DAE.

United States District Court, D. Hawaii.

Feb. 12, 1997.

Rebecca L. Covert, Takahashi & Masui, Honolulu, HI, for plaintiffs.

K. Rae McCorkle, McCorriston Miho Miller & Mukai, Honolulu, HI, for defendants.

### *ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT*

DAVID ALAN EZRA, District Judge.

The court heard Defendants' Motion on February 3, 1997. Stan Masui, Esq., appeared at the hearing on behalf of Plaintiffs; K. Rae McCorkle, Esq., appeared at the hearing on behalf of Defendants. After re-

viewing the motion and the supporting and opposing memoranda, the court GRANTS Defendants' Motion for Summary Judgment.

## BACKGROUND

 Plaintiffs International Brotherhood of Electrical Workers Local 1357, George Waialeale, and Joseph Vierra ("Plaintiffs") filed the instant action on February 26, 1996, in the Circuit Court of the First Circuit for the State of Hawaii. Defendants American International Adjustment Company ("AIAC"), AIG Claims Services, Inc. ("AIG"), and New Hampshire Insurance Company ("NHIC") (together "Defendants") removed the action to this court on March 25, 1996, pursuant to 28 U.S.C. § 1441.[1]

Plaintiffs' Complaint alleges negligence, negligent infliction of emotional distress, gross negligence, breach of warranty, breach of contract, fraud, breach of the implied covenant of good faith and fair dealing, violations of HRS Chapter 431, Article 13, and HRS § 480–2, and punitive and treble damages.

Plaintiffs contend that Defendants wrongfully refused to defend and indemnify them pursuant to a commercial general liability insurance policy for claims filed against them by Blanche Honda ("Honda"). On November 12, 1993, Honda filed suit against Plaintiffs alleging retaliatory discharge, violation of HRS § 378–62, intentional and/or negligent infliction of emotional distress, assault and battery, tort, wages and benefits owed, and notice of intent to file a discrimination claim. On June 17, 1994, Honda filed an amended complaint which added a claim for discrimination on the basis of race and sex. Plaintiffs gave notice to Defendants requesting coverage on July 5, 1994. Coverage was denied on August 9, 1994. Plaintiffs' attorney, Stan Masui, expressed disagreement with this position in September 1994, and Defendants reaffirmed the denial on December 22, 1994. Plaintiffs again demanded coverage on January 31, 1996; Defendants reevaluated the file and confirmed their previous position of no coverage on February 8, 1996. Plaintiffs thereafter filed the instant Complaint.

Defendants maintain that they denied coverage and refused to defend Plaintiffs based upon an Employment–Related Acts Exclusion ("Exclusion") contained within the insurance policy. The Exclusion served to exclude from coverage "bodily injury" and "personal injury" arising from refusal to employ; termination of employment; coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination, or other employment related practices, policies, acts of omissions; or con-

---

1. The rule in the Ninth Circuit is that a district court "should decline to assert jurisdiction in insurance coverage and other declaratory relief actions presenting only issues of state law during the pendency of parallel proceedings in state court unless there are circumstances present to warrant an exception to that rule." *Employers Reinsurance Corp. v. Karussos*, 65 F.3d 796, 798 (9th Cir.1995) (quoting *American Nat'l Fire Ins. Co. v. Hungerford*, 53 F.3d 1012, 1019 (9th Cir. 1995)). When an insurer removes a complaint seeking declaratory relief based on diversity, the question whether to exercise federal jurisdiction to resolve the controversy becomes a procedural question of federal law. *Golden Eagle Ins. Co. v. Travelers Cos.*, 103 F.3d 750 (9th Cir.1996). Thus, although a federal court may have subject matter jurisdiction over the case through diversity, it may nonetheless remand it under *Hungerford* and *Karussos*. *Id.*

However, unlike the typical situation in the line of cases following *Hungerford* and *Karussos*, where the parties, typically insurers, are seeking a declaration of the rights and liabilities of the parties, Plaintiffs are seeking damages from the insurer arising from the failure to defend. While the court in *Karussos* and *Golden Eagle* rejected this distinction because the request for monetary relief was wholly dependent upon a favorable decision on the claim for declaratory relief, both of those cases were brought by an insurer. *Karussos*, 65 F.3d at 801, *Golden Eagle*, 103 F.3d at 755.

In the instant case, it is the insured bringing the claim and declaratory relief is not requested. There are no cases directly on point in the Ninth Circuit; however, in *Golden Eagle*, the court did note that the insured brought an action of their own against one of the insurers for failure to defend and that it was removed to federal court. The defendant insurer argued that it was inefficient to dismiss the case while retaining jurisdiction over the related action pending in federal court. The Ninth Circuit summarily dismissed the insurer's argument without comment on the propriety of retaining jurisdiction on the case brought by the insured.

In light of the above, and the fact that there is no pending state action, the court finds that the retention of jurisdiction is proper.

sequential bodily injury or personal injury as a result of the above.

## STANDARD OF REVIEW

Rule 56(c) provides that summary judgment shall be entered when:

> [T]he pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.

Fed.R.Civ.P. 56(c). The moving party has the initial burden of demonstrating for the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970)). However, the moving party need not produce evidence negating the existence of an element for which the opposing party will bear the burden of proof at trial. *Id.* at 322, 106 S.Ct. at 2552.

Once the movant has met its burden, the opposing party has the affirmative burden of coming forward with specific facts evidencing a need for trial. Fed.R.Civ.P. 56(e). The opposing party cannot stand on its pleadings, nor simply assert that it will be able to discredit the movant's evidence at trial. *See T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987); Fed.R.Civ.P. 56(e). There is no genuine issue of fact "where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (citation omitted).

A material fact is one that may affect the decision, so that the finding of that fact is relevant and necessary to the proceedings. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). A genuine issue is shown to exist if sufficient evidence is presented such that a reasonable fact finder could decide the question in favor of the nonmoving party. *Id.* The evidence submitted by the nonmovant, in opposition to a motion for summary judgment, "is to be believed, and all justifiable inferences are to be drawn in [its] favor." *Id.* at 255, 106 S.Ct. at 2513. In ruling on a motion for summary judgment, the court must bear in mind the actual quantum and quality of proof necessary to support liability under the applicable law. *Id.* at 254, 106 S.Ct. at 2513. The court must assess the adequacy of the nonmovant's response and must determine whether the showing the nonmovant asserts it will make at trial would be sufficient to carry its burden of proof. *See Celotex*, 477 U.S. at 322, 106 S.Ct. at 2552.

At the summary judgment stage, this court may not make credibility determinations or weigh conflicting evidence. *Musick v. Burke*, 913 F.2d 1390, 1394 (9th Cir.1990). The standard for determining a motion for summary judgment is the same standard used to determine a motion for directed verdict: does the evidence present a sufficient disagreement to require submission to a jury or is it so one-sided that one party must prevail as a matter of law. *Id.* (citation omitted).

## DISCUSSION

Defendants move for summary judgment on all claims raised in Plaintiffs' Complaint. Defendants argue that the Exclusion is valid and insists that by its application, Defendants had no duty to defend or indemnify Plaintiffs for the claims raised by Honda. Defendants therefore assert that because each of Plaintiffs' claims are based upon the failure to provide coverage, all claims must necessarily fail. Moreover, Defendants contend that each of Plaintiffs' claims fail as a matter of law independently of their genesis in the insurance policy.

Plaintiffs oppose Defendants' motion for summary judgment arguing that a genuine issue of fact remains as to whether or not Defendants complied in good faith with their duty to investigate Honda's complaint against Plaintiffs, that Defendants' failure to investigate constitutes a separate tort of bad faith, and that Defendants had a duty to defend where the possibility of coverage existed. Plaintiffs also argue that the International Brotherhood of Electrical Workers,

Local 1357 ("IBEW") was a separate insured entitled to defense, that intentional and/or negligent infliction of emotional distress is an independent tort entitling Plaintiffs to coverage, and that assault and battery are separate torts which were potentially covered.

## I. Breach of Contract

Based upon their contention that Honda's allegations against Plaintiffs fell outside of the scope of the insurance policy, Defendants maintain that no duty to defend and indemnify arose. In opposition, Plaintiffs argue that Defendants had a duty to defend because the possibility of coverage existed.

"Because an insurer's duty to defend its insured is contractual in nature, we must look to the language of the policy involved to determine the scope of that duty." *Sentinel Ins. Co. v. First Ins. Co.*, 76 Hawai'i 277, 287, 875 P.2d 894, 904 (1994). Plaintiffs' policy stated "We will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies. We will have the right and duty to defend any 'suit' seeking those damages. . . ." Exh. B, Defendants' Motion at 74.

Hawaii courts have recognized that under this type of liability insurance policy, "the obligation to defend is broader than the duty to pay claims and arises whenever there is a mere potential for coverage. In other words, the duty to defend 'rests primarily on the possibility that coverage exists. This possibility may be remote, but if it exists, the insurer owes the insured a defense.' " *Sentinel*, at 287, 875 P.2d at 904 (internal citations omitted); *AIG Hawaii Ins. Co. v. Smith*, 78 Hawai'i 174, 178, 891 P.2d 261, 265 (1995). "All doubts as to whether a duty to defend exists are resolved against the insurer and in favor of the insured." *Id.* (quoting *Trizec Properties, Inc. v. Biltmore Constr. Co.*, 767 F.2d 810, 812 (11th Cir.1985)). However, "where pleadings fail to allege any basis for recovery within the coverage clause the insurer has no obligation to defend." *Commerce & Industry Ins. Co. v. Bank of Hawaii*, 73 Hawai'i 322, 325, 832 P.2d 733, 736 (1992); *AIG Hawaii*, 78 Hawai'i at 178, 891 P.2d at 265 ("The well established general

rule is that the allegations in the complaint in the underlying action determine an insurer's duty to defend its insured."). Therefore, in order to determine if Defendants had a duty to defend Plaintiffs, the court must examine whether the underlying action filed by Honda raised the possibility that Plaintiffs would be entitled to indemnification under the policy. *Sentinel*, 76 Hawai'i at 287, 875 P.2d at 904.

Honda's Complaint alleged retaliatory discharge, violation of HRS § 378–62, intentional and/or negligent infliction of emotional distress, assault and battery, prima facie tort, wages and benefits owed, and notice of intent to file discrimination claim, and her Amended Complaint added a discrimination on the basis of race and sex claim. Complaint, Exh. A, Defendants' Motion at 1–17, Amended Complaint, Exh. A, Defendants' Motion at 18–32. The facts supporting her claims all arise directly from her employment relationship with Plaintiffs. Exh. A, Defendants' Motion at 1–32.

■ Plaintiffs' policy contained the following exclusion from coverage:

o. 'Bodily injury' arising out of any: (1) refusal to employ; (2) termination of employment; (3) coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination, or other employment-related practices, policies, acts or omissions; or (4) consequential 'bodily injury' as a result of (1) through (3) above.

This exclusion applies whether the insured may be held liable as an employer or in any other capacity and to any obligation to share damages with or to repay someone else who must pay damages because of the injury.

Exh. B, Defendants' Motion at 88.

Plaintiffs contend that the possibility of coverage existed, thus triggering the duty to defend, for three reasons: (1) IBEW was a separate insured entitled to defense, (2) intentional and/or negligent infliction of emotional distress is an independent tort, and (3) assault and battery are separate torts which were potentially covered.

Plaintiffs first argue that the claims against IBEW in Honda's Complaint alleged

liability on the basis of respondeat superior and ratification of Waialeale and Vierra's conduct. Plaintiffs then assert that other jurisdictions, in construing an intentional act exclusion, have held that there was a separate duty to defend the employer entity. However, the policy at issue in the instant case clearly states "this exclusion applies whether the insured may be held liable as an employer or in any other capacity and to any obligation to share damages with or to repay someone else who must pay damages because of the injury." Accordingly, the court finds Plaintiffs' argument without merit.[2]

▮ Plaintiffs next argue that because Hawaii has recognized intentional infliction of emotional distress as an independent tort in wrongful termination cases, there was the potential for coverage and thus the duty to defend was triggered. Plaintiffs make a similar argument for the assault and battery claims. While no Hawaii court has yet interpreted the employment-related exclusion to determine the scope of an insurer's duty to defend, other jurisdictions have ruled that this exclusion covers "virtually any claim arising out of the employment relationship." *Old Republic v. Comprehensive Health Care*, 2 F.3d 105, 108–09 (5th Cir.1993); *see Ottumwa Housing Auth. v. State Farm*, 495 N.W.2d 723 (Iowa 1993) (holding that because all theories of recovery were based on conduct occurring at workplace, all damages barred by exclusion); *New England Mutual Life Ins. Co. v. Liberty Mutual*, 40 Mass. App.Ct. 722, 667 N.E.2d 295 (1996) ("It is the source from which plaintiff's personal injury originates rather than the specific theories of liability alleged in the complaint which determines the insurer's duty to defend."); *Teague Motor Co. v. Federated Service Ins. Co.*, 73 Wash.App. 479, 869 P.2d 1130 (1994) (additional claims within scope of employment clause).

The court additionally notes that in *Hawaiian Insurance & Guaranty Company v. Blanco*, the Hawaii Supreme Court held that there was no duty to defend on the part of the insurance company where defendant was injured when the insured shot a rifle in his direction because the incident was not an "accident." 72 Hawai'i 9, 804 P.2d 876 (1990). The court additionally held that defendant's wife's claim for intentional and/or negligent infliction of emotional distress did not trigger a duty to defend because there was no "accident" and therefore no coverage. *Id.* at 19, 804 P.2d at 881. The court emphasized that the complaint alleged that the distress arose from the intentional act of the insured. *Id.*

Likewise, in the instant action, Honda's claims for intentional and/or negligent infliction of emotional distress, assault, and battery all arise from the employment relationship with Plaintiffs and her complaint clearly stated so. As such, these claims did not trigger a duty to defend because from the face of the complaint, they clearly fell within the scope of the policy's exclusion. Therefore, the court GRANTS Defendants' Motion for Summary Judgment on the Breach of Contract Claim.

## II. Breach of Implied Covenant of Good Faith and Fair Dealing

▮ Plaintiffs maintain that Defendants' alleged failure to properly investigate Plaintiffs' request for coverage and Honda's claims constitutes a separate tort of bad faith. Defendants contend that the recovery allowed in *The Best Place v. Penn America Insurance Company*, 82 Hawai'i 120, 920 P.2d 334 (1996), is not retroactive and therefore cannot support Plaintiffs' action. Plaintiffs argue that while recognition of the tort in 1996 should not give rise to retroactive application, the events underlying *The Best Place* took place in 1986 and 1987. Plaintiffs conclude that application of *The Best Place* to the instant case would not be retroactive because the alleged foundation for a bad faith lawsuit was laid after the events which gave rise to the tort of bad faith in *The Best Place*.

---

2. The court notes that Plaintiffs also point to another portion of the policy, not relied on by Defendants, and make a vague argument regarding an employee exclusion clause. They conclude that either IBEW was covered or Vierra and Waialeale were. However, Plaintiffs omit to address the exclusion noted above which states that any "bodily injury" claims arising from employment-related practices are excluded. In the court's opinion, this clause "trumps" any argument Plaintiffs may have regarding the interpretation of other sections.

**1224**

The court agrees with Plaintiffs that application of *The Best Place* in the instant action does not constitute improper retroactive application. *See Hough v. Pacific Ins. Co., Ltd.,* 83 Hawai'i 457, 927 P.2d 858, 870 (1996) (Hawaii Supreme Court applied *The Best Place,* reversing grant of summary judgment, where *The Best Place* decision came down subsequent to the motions court's grant of summary judgment and to the briefing on the appeal and where events underlying the suit occurred in 1987). However, the court also finds that *The Best Place* does not provide for recovery in the instant action.

■ Plaintiffs insist that Defendants' failure to properly investigate the claim amounted to a breach of the covenant of good faith and fair dealing. In *The Best Place,* the Hawaii Supreme Court cited with approval cases recognizing that an insurer may be liable for failure to properly investigate a claim. *Id.* at 132, 920 P.2d at 346. However, the court did not directly address whether such a tort may lie where the insurer is not liable on the underlying policy.

Prior to the decision in *The Best Place,* the Hawaii Supreme Court stated, "[i]t is well established that an insurer has no duty to investigate where the claim is excluded by the clear and unambiguous language in the insurance policy." *Board of Directors of the Assoc. of Apt. Owners v. United Pac. Ins. Co.,* 77 Hawai'i 358, 361, 884 P.2d 1134, 1137 (1994). Clearly, prior to *The Best Place* decision, Plaintiffs could not recover for the tort of a bad faith failure to investigate where they could not prevail on the claim that Defendants were liable on the underlying policies. *Id.* (citing *O'Malley v. United States Fidelity & Guar. Co.,* 602 F.Supp. 56 (S.D.Miss.), *aff'd,* 776 F.2d 494 (5th Cir.

1985)). *The Best Place* does not overrule this reasoning. Indeed, in *The Best Place,* the Hawaii Supreme Court cautions

[C]onduct based on an interpretation of the insurance contract that is reasonable does not constitute bad faith. In addition, an erroneous decision not to pay a claim for benefits due under a policy does not by itself justify an award of compensatory damages. Rather, the decision not to pay a claim must be in "bad faith."

*The Best Place,* 82 Hawai'i at 133, 920 P.2d at 347 (internal citations omitted). This paragraph illustrates that the court did not intend for the tort of bad faith to be triggered in every situation where there is a dispute over coverage or to eclipse the remedy for breach of contract. This court therefore concludes that the Hawaii Supreme Court did not intend to overrule *Board of Directors,* and accordingly holds that because there was no coverage liability on the underlying policy, an independent cause of action for breach of the covenant of good faith and fair dealing will not lie in the instant action.

Accordingly, the court GRANTS Defendants' Motion for Summary Judgment as to the Breach of the Implied Covenant of Good Faith and Fair Dealing Claim.

III. Negligence, Negligent Infliction of Emotional Distress, Gross Negligence, Breach of Warranty, Fraud, and Violation of HRS Chapter 431, Article 13, and HRS 480–2

Plaintiffs did not address Defendants' arguments for summary judgment on these subjects. As such, the court deems them unopposed, but additionally notes that Defendants' arguments are meritworthy.[3] Accord-

---

3. In brief, Defendants contend that Plaintiffs have alleged no duty owed by Defendants upon which a negligence action may lie and therefore all claims sounding in negligence fail as a matter of law. *See Birmingham v. Fodor's Travel Publications, Inc.,* 73 Hawai'i 359, 366, 833 P.2d 70, 74 (1992) (holding a negligence action lies only where there is a duty owed by defendant to plaintiff). Defendants note that Plaintiffs have pointed to no express or implied warranties in the contract upon which a breach of warranty claim may lie, and Plaintiffs did not point to a warranty in their opposition. Defendant further

contend that Plaintiffs have not turned over any documents or named witnesses in support of their fraud claim in violation of the disclosure requirements of Fed.R.Civ.P. 26. Finally, Defendants correctly argue that HRS Chapter 431, Article 13 does not provide a private right of action and that HRS 480–2 does not apply to insurance. *See Genovia v. Jackson Nat. Life Ins. Co.,* 795 F.Supp. 1036, 1045 (D.Haw.1992); *Hunt v. First Insurance Co.,* 82 Hawai'i 363, 367, 922 P.2d 976 (Haw.App.), *cert. dismissed,* 83 Hawai'i 204, 925 P.2d 374 (1996); *Hough v. Pacific Ins. Co.,* 83 Hawai'i 457, 927 P.2d 858, 871 (1996).

ingly, the court GRANTS Defendants' Motion for Summary Judgment on these claims.

### CONCLUSION

For the reasons stated above, the court GRANTS Defendants' Motion for Summary Judgment as to all claims contained within Plaintiffs' Complaint.

IT IS SO ORDERED.