145 F.3d 1339
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Stuart S. MARLOWE; Kathleen S. Marlowe, Plaintiffs-Appellees,
v.
STATE FARM FIRE AND CASUALTY COMPANY, an Illinois
corporation, Defendant-Appellant.
 No. 96-16683.
D.C. No. CV-95-00763-DAE/FIY.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 5, 1998.
Decided May 29, 1998.
 
 Appeal from the United States District Court for the District of Hawaii David A. Ezra, District Judge, Presiding.
 Before BROWNING, BRUNETTI, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Stuart and Kathleen Marlowe brought a diversity action in federal district court against State Farm Fire and Casualty Co. seeking damages for various torts and a declaratory judgment that, pursuant to a homeowner's and umbrella insurance policy, State Farm had a duty to defend and indemnify the Marlowes in a Hawaii state court action that had been brought against them by a neighbor. The district court granted State Farm's motion for summary judgment on the merits,[1] but then granted the Marlowes' motion for reconsideration. Having done that, the court concluded that all the claims alleged by the Marlowes are rooted in their argument that coverage was triggered by the claims in the underlying suit, and that under those circumstances it should decline to assert jurisdiction pursuant to the rule articulated in Employers Reinsurance Corp. v. Karussos, 65 F.3d 796 (9th Cir.1995). It therefore reversed course and dismissed the Marlowes' action for lack of subject matter jurisdiction. State Farm timely appealed.
 
 
 3
 We vacate and remand the judgment dismissing the action so that the district court may consider its jurisdiction again in light of our decision in Government Employees Insurance Co. v. Dizol, 133 F.3d 1220 (9th Cir.1998) (en banc), which was rendered after its order granting the Marlowes' motion for reconsideration, and the Supreme Court's opinion in Quackenbush v. Allstate Insurance Co., 517 U.S. 706, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996), which came down shortly before but was not called to the district judge's attention.
 
 
 4
 State Farm contends that the district court erred in finding that it lacked jurisdiction when the Marlowes' action sought compensatory and punitive damages and the federal forum was originally chosen by them based on diversity jurisdiction. The Marlowes submit that the district court correctly followed the general rule, set out in Brillhart v. Excess Insurance Co., 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942) and Wilton v. Seven Falls Co., 515 U.S. 277, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995), and the Ninth Circuit's opinions in Karussos, American National Fire Insurance Co. v. Hungerford, 53 F.3d 1012 (9th Cir.1995), Golden Eagle Insurance Co. v. Travelers Co., 95 F.3d 807 (9th Cir.1996), and Continental Casualty Co. v. Robsac, 947 F.2d 1367 (9th Cir.1991), that courts should not exercise jurisdiction in insurance coverage actions involving purely questions of state law.
 
 
 5
 The district court was influenced by what the Marlowes' characterize as this "heavy presumption." However, in the meantime, Dizol has clarified our law, affirming that "there is no presumption in favor of abstention in declaratory actions generally, nor in insurance coverage cases specifically." 133 F.3d at 1225. We explained:
 
 
 6
 "We know of no authority for the proposition that an insurer is barred from invoking diversity jurisdiction to bring a declaratory judgment action against an insured on an issue of coverage." Indeed, when other claims are joined with an action for declaratory relief (e.g., bad faith, breach of contract, breach of fiduciary duty, recision, or claims for other monetary relief), the district court should not, as a general rule, remand or decline to entertain the claim for declaratory relief. If a federal court is required to determine major issues of state law because of the existence of non-discretionary claims, the declaratory action should be retained to avoid piecemeal litigation.
 
 
 7
 Id. (citations and footnote omitted). Further, we noted that
 
 
 8
 [b]ecause claims of bad faith, breach of contract, breach of fiduciary duty and rescission provide an independent basis for federal diversity jurisdiction, the district court is without discretion to remand or decline to entertain these causes of action. Indeed, the district court has a "virtually unflagging" obligation to exercise jurisdiction over these claims.
 
 
 9
 Id. at 1225 n. 6. Finally, we emphasized that "these are considerations for the district court, which is in the best position to assess how judicial economy, comity and federalism are affected in a given case." Id. at 1225.
 
 
 10
 State Farm argues that the Marlowes' damages claims are not like those in Karussos and Golden Eagle because they are not inextricably intertwined with the request for declaratory relief, and that Quackenbush controls. The Marlowes say otherwise, because the best place to resolve all related claims is in the Damon Key litigation. While the Marlowes' complaint clearly seeks to recover damages for torts that do not necessarily stand or fall depending on whether it is determined that State Farm owed a duty to defend, their scheduling conference statement represents that the case primarily involves consequential damages that flowed from breach of State Farm's duty to defend. In Karussos and Golden Eagle, the "damages" claims were in fact wholly dependent on the outcome of the coverage dispute, for attorneys fees in the underlying action and indemnity naturally follow if there is a duty to defend. To the extent the scheduling conference statement narrows the Marlowes' claims, Karussos and Golden Eagle may control but they are distinguishable if the tort claims asserted in the complaint are still pursued. These damages claims are not, as the Marlowes suggest, inextricably intertwined with the declaratory relief claim: while the tort damages claim may fall if there's no coverage,[2] they will not necessarily prevail if there is.
 
 
 11
 In any event, the propriety of dismissing the tort damages claims now requires consideration of Dizol as well as Quackenbush. In Quackenbush, the Supreme Court made clear that a district court has discretion to stay the determination of damages claims based on abstention principles, but may not dismiss them when the claims are founded in diversity and the request for relief is not discretionary. 116 S.Ct. at 1723.
 
 
 12
 Thus on remand, the district court has discretion whether to exercise discretionary jurisdiction under the Declaratory Judgment Act in this insurance case as in all others, channeled only by the Brillhart factors, which "remain the philosophic touchstone," and other considerations we noted. Dizol, 133 F.3d at 1224 & n. 5. If the Marlowes' claims for tort damages remain as pled in their complaint, the court will have no discretion to dismiss those claims because they are within its diversity jurisdiction and their resolution does not necessarily follow the coverage determination if it is adverse to State Farm. However, given the possibility that coverage will be determined favorably to State Farm, and the pendency of a parallel state proceeding, the district court retains discretion to stay the damage claims under Quackenbush, or to reinstate its decision on the merits.
 
 
 13
 Finally, the Marlowes urge us to treat their motion for reconsideration as a request for a voluntary dismissal under Fed.R.Civ.P. 41(a)(2) and to affirm on that ground. We decline to do so. They never moved for dismissal under Rule 41, nor did the district court base its decision on Rule 41.
 
 
 14
 The Marlowes' request for an award of costs and attorney fees under FRAP 38 and for judicial notice is denied.
 
 
 15
 VACATED AND REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 The court sua sponte addressed whether to entertain the Marlowes' request for declaratory relief as it thought it was required to do under American Nat'l Fire Ins. Co. v. Hungerford, 53 F.3d 1012 (9th Cir.1995) and Employers Reinsurance Corp. v. Karussos, 65 F.3d 796 (9th Cir.1995). We have since held that district courts have no such obligation. Government Employees Ins. Co. v. Dizol, 133 F.3d 1220 (9th Cir.1998) (en banc)
 
 
 [2]
 See International Bhd. of Elec. Workers Local 1357 v. American Int'l Adjustment Co., 955 F.Supp. 1218, 1224 (D.Hawai'i 1997), aff'd, No. 97-15420, (9th Cir. May 1998) (holding that where "there was no coverage liability on the underlying policy, an independent cause of action for breach of the covenant of good faith and fair dealing will not lie" under Hawaii state law)