110 F.3d 1418
 97 Cal. Daily Op. Serv. 2580, 97 Daily Journal
D.A.R. 4569
Celeste POLIDO, individually; Matthew K. Polido, a minor
person Celeste Polido as guardian, Plaintiffs-Appellants,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant-Appellee.
 No. 95-16756.
 United States Court of Appeals,Ninth Circuit.
 Argued and Submitted Nov. 7, 1996.
Submission Deferred Nov. 13, 1996.
Resubmitted March 27, 1997.
Decided April 8, 1997.
 
 Gerard D. Lee Loy, Ahmadia & Lee Loy, Hilo, Hawaii, for plaintiff-appellant.
 Lisa M. Ginoza, McCorriston Miho Miller Mukai, Honolulu, Hawaii, for defendant-appellee.
 Appeal from the United States District Court for the District of Hawaii, Alan C. Kay, District Judge, Presiding. D.C. Nos. CV-94-00657-ACK/FIY, CV-95-00314-ACK/BMK.
 Before: WALLACE, SCHROEDER, and ALARCON, Circuit Judges.
 ALARCON, Circuit Judge:
 
 
 1
 This action arises from the accidental shooting of Matthew Polido, by his father Solomon Polido, while they were returning from a hunting trip. Celeste Polido, individually and as guardian of Matthew, filed an action in a Hawaii state court against State Farm Mutual Automobile Insurance Co. ("State Farm") in which she sought a declaration of coverage for Matthew's injuries under an automobile insurance policy issued by State Farm to Celeste Polido and her husband. She also alleged several state law claims for monetary damages. State Farm removed the action to federal court pursuant to 28 U.S.C. § 1441.
 
 
 2
 Nine months after Celeste Polido filed her claim for declaratory relief in state court, State Farm filed an action in federal court against Solomon, Celeste Polido's husband, pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201. State Farm requested a declaration of its duties, under that same insurance policy, to defend and indemnify Solomon in a pending state court tort action filed by Celeste Polido against her husband. The district court consolidated the two declaratory judgment actions, and entered an order granting summary judgment in favor of State Farm and against Celeste Polido. The order does not refer to the discretionary nature of the district court's jurisdiction. We must decide whether the district court was compelled to exercise its jurisdiction over the declaratory judgment claim filed by Celeste Polido after the dismissal of her monetary claims against State Farm. We conclude that upon dismissal of the removed monetary claims, the district court had the discretion to stay or remand Celeste Polido's removed state law declaratory relief action. We vacate and remand this matter to the district court to give the parties the opportunity to inform the district court whether this is an appropriate case for the exercise of its discretionary jurisdiction.
 
 
 3
 * On July 28, 1992, Matthew Polido was accidentally injured when his father attempted to unload a rifle that he had placed under the front seat of his vehicle in preparation for a hunting trip. State Farm, the insurer of the vehicle, denied coverage under the Polidos' automobile policy.
 
 
 4
 On July 28, 1994, Celeste Polido, individually and as guardian for Matthew, filed an action in Hawaii state court against State Farm, in which she sought a declaration of coverage under the policy, and alleged claims for monetary damages.[1] On the same day, she also filed a separate action in state court seeking damages from her husband for his alleged negligence in unloading the rifle. State Farm removed the action filed against it by Celeste Polido to the United States District Court for the District of Hawaii on August 26, 1994. On February 22, 1995, Celeste Polido and State Farm stipulated to the dismissal of all claims for "extra-contractual damages" filed by Celeste Polido against State Farm. The stipulation provides: "[T]he only claims remaining for adjudication in this action are those claims seeking a declaration from the court that coverage exists under the applicable automobile policy for medical coverage, no-fault coverage, and liability coverage."
 
 
 5
 On April 28, 1995, State Farm filed an action in the district court against Solomon Polido pursuant to the Declaratory Judgment Act. State Farm prayed for a declaration that it had no duty to defend or indemnify Solomon Polido in the pending state court tort action filed against him by Celeste Polido.[2]
 
 
 6
 Celeste Polido filed a motion for a summary judgment on May 5, 1995, in her removed state declaratory relief action. She argued that the automobile insurance policy required State Farm to pay no-fault benefits to Matthew Polido and to provide bodily injury coverage to Solomon Polido. On June 19, 1995, State Farm filed a motion for a summary judgment in Celeste Polido's removed state declaratory relief action in which it requested the court to determine that the automobile insurance policy did not provide for coverage for Matthew Polido or Solomon Polido. State Farm filed an opposition to Celeste Polido's motion for a summary judgment on June 22, 1995. Meanwhile, on June 8, 1995, State Farm filed a motion for the entry of a default judgment in its federal declaratory judgment action against Solomon Polido, based on his failure to plead and defend within 20 days of the filing of the complaint.
 
 
 7
 On July 5, 1995, State Farm and Celeste Polido filed a stipulation to consolidate the removed declaratory relief action with the suit filed by State Farm against Solomon Polido pursuant to the Declaratory Judgment Act. On the same date, Celeste Polido filed an opposition to State Farm's motion for a summary judgment in the removed declaratory relief action. On July 7, 1995, Celeste Polido filed a memorandum opposing the entry of a default judgment against Solomon Polido in State Farm's federal declaratory judgment action.
 
 
 8
 On July 10, 1995, the district court entered an order consolidating the declaratory relief actions. A hearing on the cross-motions for a summary judgment was conducted on July 11, 1995. On July 24, 1995, the district court "granted in full" State Farm's motion for a summary judgment, and denied Celeste Polido's motion for a summary judgment on the question "whether Defendant has to provide coverage and benefits to Matthew."
 
 
 9
 Judgment was entered as to both actions in this consolidated matter on July 27, 1995. Celeste Polido has appealed from the judgment against her in Civil No. 94-00657-ACK. No appeal has been filed in Civil No. 95-00314 by either Celeste Polido or Solomon Polido.
 
 II
 
 10
 Neither party advised the district court that its jurisdiction under the Declaratory Judgment Act was discretionary. The parties also failed to identify any special circumstances that weighed in favor of reaching the merits of the declaratory relief claims in the consolidated actions. The district court's written order does not refer to the discretionary nature of its jurisdiction. The court made no findings concerning the appropriateness of the exercise of its discretionary jurisdiction in this diversity action. No reference to this issue appears in the initial briefs filed by the parties before this court. On September 20, 1996, we directed the parties to file supplemental briefs "addressing the question whether the district court properly exercised jurisdiction over a request for a declaratory judgment that raises only questions of state law and was brought during the pendency of a related state court proceeding, and, if not, whether the court should remand with directions to dismiss the complaint."
 
 
 11
 In her response to our request, Celeste Polido urges us to vacate the judgment of the district court and remand with instructions to dismiss. She argues that this action presents only novel state law issues that should be resolved in the pending state court tort action against Solomon Polido.
 
 
 12
 State Farm urges us to affirm the district court's decision on the merits, because, in addition to her claim for declaratory relief, Celeste Polido also alleged independent claims for monetary relief that were within the district court's nondiscretionary subject matter jurisdiction on the date they were removed. State Farm also points out that the removed state declaratory judgment action is not parallel to the pending state court tort action filed by Celeste Polido against Solomon Polido. State Farm asserts that the only issue in the pending state court tort action is whether Solomon Polido is liable for negligence in unloading his rifle, while the removed declaratory relief claim involves State Farm's contractual liability under Hawaii insurance law to pay no-fault benefits to Matthew Polido.
 
 III
 
 13
 Celeste Polido filed her declaratory relief action in state court pursuant to Haw.Rev.Stat. § 632-1.[3] The question whether the district court properly exercised its discretion to issue a declaration in a removed diversity action for declaratory relief is controlled by federal law. Golden Eagle Ins. Co. v. Travelers Cos., 103 F.3d 750, 753 (9th Cir.1996). Accordingly, we must apply the principles announced in Brillhart v. Excess Ins. Co., 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942) and Wilton v. Seven Falls Co., 515 U.S. 277, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995) in reviewing the district court's exercise of its discretion in issuing a decision on the merits in the removed action for declaratory relief.
 
 
 14
 The district court had the "unflagging obligation" to exercise its jurisdiction over the monetary claims exceeding $50,000 in Celeste Polido's complaint against State Farm, in the absence of proof of exceptional circumstances. Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817, 96 S.Ct. 1236, 1246, 47 L.Ed.2d 483 (1976).[4] If the monetary claims had not been dismissed, a proper concern for judicial economy would have weighed in favor of the district court's exercise of its discretionary jurisdiction over the state law claim for declaratory relief. See Maryland Cas. Co. v. Knight, 96 F.3d 1284, 1289 (9th Cir.1996) (determining that dismissal of the declaratory relief claim would not have "spared the district court the task of determining issues of state law," where a counterclaim for monetary relief would still be pending); Chamberlain v. Allstate Ins. Co., 931 F.2d 1361, 1367 (9th Cir.1991) (concluding that the district court properly exercised its jurisdiction over the insurer's counterclaim for declaratory relief, thereby avoiding piecemeal litigation, where the district court "would have had to exercise its diversity jurisdiction over [the insured's] bad faith suit," even if it had declined to hear the declaratory relief counterclaim).
 
 
 15
 Here, Celeste Polido's state law monetary claims against State Farm were dismissed by stipulation prior to the filing of the cross-motions for a summary judgment regarding her request for declaratory relief. We must decide whether the district court was required to exercise its jurisdiction over the state declaratory relief claim because monetary claims were also alleged in the complaint on the date the action was removed. Compare 28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction over a claim [that was so related to claims within their original jurisdiction as to form part of the same case or controversy] if ... the district court has dismissed all claims over which it has original jurisdiction."). Neither the Supreme Court nor this circuit has been called upon to resolve this precise question.
 
 
 16
 The Supreme Court's decision in Wilton provides a valuable starting point for our analysis. In Wilton, several insurers filed an action under the Declaratory Judgment Act in December 1992, seeking a declaration that they were not liable to indemnify their insureds on a judgment that had been entered against them for one hundred million dollars. Wilton, 515 U.S. at ---- - ----, 115 S.Ct. at 2139-40. On January 22, 1993, the insurers voluntarily dismissed the federal action upon the assurance that the insureds would provide them at least two weeks' notice if they intended to file an action in state court to seek enforcement of the insurance policy. Id. at ----, 115 S.Ct. at 2139.
 
 
 17
 On February 23, 1993, the insurers were notified that the insureds intended to file an action in state court. That same day, the insurers refiled their declaratory judgment action in the district court. Id. One month later, on March 26, 1993, the insureds filed a nonremovable action against the insurers in state court asserting claims for breach of contract and breach of the duty of good faith and fair dealing. The insureds filed a motion in federal court for a stay or a dismissal of the declaratory judgment action. Id.
 
 
 18
 In Wilton, both actions for declaratory relief were filed in the district court before the insureds filed an action against the insurers in state court. Id. at ----, 115 S.Ct. at 2139. Nevertheless, the Supreme Court affirmed the district court's stay of the declaratory judgment action, concluding that the district court "acted within its bounds in staying this action for declaratory relief where parallel proceedings ... were underway in state court." Id. at ----, 115 S.Ct. at 2144 (emphasis added).
 
 
 19
 The Court's holding in Wilton makes clear that a district court may consider the circumstances as they exist at the time it rules on a request for a declaration. Thus, "[c]onsistent with the nonobligatory nature of [the Declaratory Judgment Act], a district court is authorized, in the sound exercise of its discretion, to stay or to dismiss an action seeking a declaratory judgment before trial or after all arguments have drawn to a close." Id. at ----, 115 S.Ct. at 2143.
 
 
 20
 Here, at the time the district court ruled on the parties' cross-motions for a summary judgment, the monetary claims had been dismissed. Accordingly, the district court was no longer faced with the question whether its "unflagging obligation" to exercise its judicial power over the monetary claims required it to exercise its jurisdiction over the state law claim for a declaration. Thus, the district court was required to determine whether the circumstances that existed on the date the cross-motions for a summary judgment were heard demonstrated that it should exercise its discretion in favor of reaching the merits of the consolidated action.
 
 
 21
 Under Brillhart, where unresolved issues of state law are presented in a federal declaratory judgment action, the district court must consider whether a remedy is available to the federal plaintiff in state court before exercising its discretionary jurisdiction. Brillhart, 316 U.S. at 496, 62 S.Ct. at 1176. The Court reasoned as follows:
 
 
 22
 Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties. Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided.
 
 
 23
 Id. at 495, 62 S.Ct. at 1175-76. Exercise of the district court's discretionary jurisdiction under Brillhart furthers the policy against needlessly deciding unsettled state law issues, prevents duplicitous litigation, and discourages forum shopping. Continental Cas. Co. v. Robsac Indus., 947 F.2d 1367 (9th Cir.1991). Principles of federalism are "particularly weighty" in insurance cases because " 'states ha[ve] a free hand in regulating the dealings between insurers and their policyholders.' " Karussos, 65 F.3d at 799 (quotation omitted) (alteration in original).
 
 
 24
 State Farm contends that the removed declaratory judgment action filed by Celeste Polido against State Farm is not "parallel" to the pending state court tort action she filed against Solomon Polido because the issue presented to the district court involves only contractual claims. Furthermore, State Farm points out that it is not a party to the state court tort action. This argument, however, ignores prior decisions of this court. We have previously held that differences in factual and legal issues between the state and federal court proceedings are not dispositive because the insurer " 'could have presented the issues that it brought to federal court in a separate action to the same court that will decide the underlying tort action.' " Karussos, 65 F.3d at 800 (quoting American Nat'l Fire Ins. Co. v. Hungerford, 53 F.3d 1012, 1016-17 (9th Cir.1995)).
 
 
 25
 In Hungerford, the underlying state proceeding was a class action brought by investors in a company against its officers and directors alleging breach of fiduciary duty. In the federal action the insurance company sought a declaration of its liability, if any, under the company's director and officer insurance policy. Although the insurance company was not a party to the state court action, and could not, under California law, be joined in the state court action, we concluded that "there was a sufficient parallel in the underlying facts of each case and that a sufficient remedy existed in state court for the insurer." Hungerford, 53 F.3d at 1017 (citation omitted).
 
 
 26
 In Karussos, the pending state court proceeding was brought by creditors of an estate against Karussos, alleging, inter alia, common law fraud. Karussos's insurer, Employers Reinsurance, was not a party to the state court proceeding. Employers Reinsurance filed an action in federal court for a declaration regarding whether it had a duty to defend and indemnify Karussos. Rejecting both parties' contentions that the federal action did not involve issues similar to those presented in the state court action, we noted an overlap of factual questions between the two actions, and commented that the parties had read Hungerford "too narrowly." Karussos, 65 F.3d at 800. Because the insurer could have brought its claims in a separate action in state court, we concluded that Hungerford applies "whether or not there is a similarity of issues." Id.
 
 
 27
 Thus, in determining whether to exercise its discretionary jurisdiction to reach the merits in an action for declaratory relief, the dispositive question is not whether the pending state proceeding is "parallel," but rather, whether there was a procedural vehicle available to the insurance company in state court to resolve the issues raised in the action filed in federal court. If a state court remedy is available to the insurer, the district court must consider whether circumstances exist that overcome the "presumption that the entire suit should be heard in state court," Chamberlain, 931 F.2d at 1367, to prevent forum shopping and piecemeal litigation of complex state law issues. Id.
 
 
 28
 The record in this case unequivocally demonstrates that State Farm could have obtained relief in a Hawaii state court, because the merits of its contention that it is not liable under the terms of the policy were squarely before the state court in the declaratory relief action State Farm removed to the district court. In Wilton, the Supreme Court instructed that district courts should determine in the first instance, on a case by case basis, whether the declaratory judgment remedy is appropriate and the "fitness of the case for resolution" because these facts "are peculiarly within their grasp." Wilton, 515 U.S. at ----, 115 S.Ct. at 2144.
 
 
 29
 In Karussos, the parties jointly argued to this court that we should review the merits of the appeal, rather than vacating the judgment. They argued that the totality of the circumstances supported the district court's exercise of its discretionary jurisdiction to decide the merits of the dispute. Karussos, 65 F.3d at 799-801. We rejected this suggestion because we concluded that the parties had failed "to explain how the case before us may be distinguished from the general run of insurance coverage cases in which the exercise of a district court's jurisdiction would be unwarranted." Id. at 799. We held that a remand under those circumstances "would be futile and would only frustrate the interest in judicial economy." Id.
 
 
 30
 We recognized in Karussos that "[w]here the record reveals facts and circumstances that could justify a district court's discretionary decision to exercise its jurisdiction, then a remand would not constitute an exercise in futility." Karussos, 65 F.3d at 799-800 n. 1. There are "facts and circumstances" in this case which arguably distinguish it from the "general run of insurance coverage cases in which the exercise of a district court's jurisdiction would be unwarranted." Id. at 799. Most importantly, the district court had the "unflagging obligation" to exercise jurisdiction over Celeste Polido's removed claims for monetary damages. Those claims were not dismissed until the district court had already invested six months of its time and judicial resources in the litigation. Under the circumstances, we do not believe that the district court would necessarily have abused its discretion by retaining jurisdiction over the cross-claims for declaratory relief. A remand to permit the district court to consider that question in the first instance therefore "would not constitute an exercise in futility." Id. at 800 n. 1.
 
 
 31
 In Golden Eagle we held that when a district court has abused its discretion in reaching the merits of a claim for declaratory relief, we will not vacate the judgment if "we are convinced" that "[w]ere the parties to proceed anew in state court ... they would get the same decision." Golden Eagle, 103 F.3d 750, 756. The precise issues raised by the parties have not been ruled upon by Hawaii's courts. Both parties have had to rely on caselaw from other jurisdictions to support their sharply divided views on the proper interpretation of the terms of the automobile insurance policy issued to the Polidos in light of the unusual factual circumstances presented in this accidental shooting case. Because we are not certain that a Hawaii court would reach the same result, we cannot conclude that the district court's error in deciding the merits of this dispute was harmless. Id.
 
 Conclusion
 
 32
 We vacate the district court's decision on the merits because it failed to determine in the first instance whether there are any circumstances that warrant the exercise of its jurisdiction in this matter. Upon remand, the district court is requested to consider all the relevant factors and determine whether exceptional circumstances exist that would justify a departure from the rule announced in Brillhart that "ordinarily" federal courts should abstain from exercising their jurisdiction in a declaratory judgment action over disputes between insurance companies and their insureds in which the merits must be decided under state law. Brillhart, 316 U.S. at 495, 62 S.Ct. at 1175-76.
 
 
 33
 If State Farm meets its burden of overcoming the presumption against resolving a dispute over insurance coverage involving state law questions in a federal declaratory relief action, the district court may re-enter the judgments it previously filed in this matter. If not, the district court is directed to remand the removed state declaratory claim filed by Celeste Polido. See Wilton, 515 U.S. at ---- n. 2, 115 S.Ct. at 2143 n. 2. ("[W]here the basis for declining to proceed is the pendency of a state proceeding, a stay will often be the preferable course, insofar as it assures that the federal action can proceed without risk of a time bar if the state case, for any reason, fails to resolve the matter in controversy") (citing Paul M. Bator et al., Hart and Wechsler's the Federal Courts and the Federal Court System 1451 n. 9 (3d ed. 1988)); see also Quackenbush v. Allstate Ins. Co., --- U.S. ----, ---- - ----, 116 S.Ct. 1712, 1721-23, 135 L.Ed.2d 1 (1996) ("[I]n cases where the relief being sought is equitable in nature or otherwise discretionary, federal courts not only have the power to stay the action based on abstention principles, but can also, in otherwise appropriate circumstances, decline to exercise jurisdiction altogether by either dismissing the suit or remanding it to state court.").
 
 
 34
 VACATED and REMANDED, with directions.
 
 SCHROEDER, Circuit Judge, dissenting:
 
 35
 I respectfully dissent from the majority's holding that the district court must decide whether this aging litigation has to begin all over again in state court. I do not agree that declaratory judgment jurisdiction may have been inappropriately exercised in this case. The unfortunate legal background of our circuit authority leading up to the majority's decision is explained more fully in Government Employees Ins. v. Dizol, 108 F.3d 999 (9th Cir.1997), (Schroeder, J., dissenting).
 
 
 36
 The district court decided the critical issue of insurance coverage without the parties ever objecting to its exercise of jurisdiction under the Declaratory Judgment Act. Moreover, there is nothing in the record to suggest that the action was removed from state court for any improper purpose. Indeed, the district court at the time of removal was presented with a damage claim as well, so that there was no conceivable reason for any objection to the assumption of jurisdiction at that time.
 
 
 37
 The majority's holding, that the district court should have made, sua sponte, findings on declaratory judgment jurisdiction after the damage claim had been dismissed, and after the motions for summary judgment were fully briefed, is contrary even to our circuit authority that the findings should be made as of the time of the initial filing. Employers Reinsurance Corp. v. Karussos, 65 F.3d 796, 800 (9th Cir.1995) ("[W]e made it clear in both Hungerford and Robsac that the propriety of the district court's assumption of jurisdiction is judged as of the time of filing ....") (citing American National Fire Ins. Co. v. Hungerford, 53 F.3d 1012, 1016 (9th Cir.1995); Continental Cas. Co. v. Robsac Indus., 947 F.2d 1367, 1370 (9th Cir.1991)). There has never been any point in this case to defer to the state litigation, which was between husband and wife and was wholly dependent upon the resolution of the insurance coverage issue. We should have proceeded to review the coverage decision on the merits.
 
 
 
 [1]
 The legal theories alleged in the complaint as a basis for awarding monetary damages include: tortious breach of contract; breach of the implied covenant of good faith and fair dealing; violations of Haw.Rev.Stat. Chapters 431, 480, & 490; intentional, willful, wanton, reckless, fraudulent and/or negligent misconduct; emotional distress; intentional and/or negligent infliction of emotional distress; misrepresentation; failure to properly investigate and/or respond to Celeste's claim; improper commingling and/or disposal of funds; breach of implied and/or express warranties; failure to affirm or deny coverage within a reasonable time; failure to act in good faith; tortious bad faith; common law bad faith breach of contract; tortious bad faith breach of contract; breach of fiduciary duties; conversion; misappropriation; vicarious liability; and respondeat superior
 
 
 [2]
 Solomon Polido did not file an answer or any pleading in response to the State Farm's complaint
 
 
 [3]
 Section 632-1 provides, in relevant part:
 In cases of actual controversy, courts of record, within the scope of their respective jurisdictions, shall have power to make binding adjudications of right, whether or not consequential relief is, or at the time could be, claimed....
 Relief by declaratory judgment may be granted in civil cases where an actual controversy exists between contending parties, or where the court is satisfied that antagonistic claims are present between the parties involved which indicate imminent and inevitable litigation, or where in any such case the court is satisfied that a party asserts a legal relation, status, right, or privilege in which the party has a concrete interest and that there is a challenge or denial of the asserted relation, status, right, or privilege by an adversary party who also has or asserts a concrete interest therein, and the court is satisfied also that a declaratory judgment will serve to terminate the uncertainty or controversy giving rise to the proceeding.
 Haw.Rev.Stat. § 632-1 (emphasis added).
 
 
 [4]
 We have held that where, in addition to a claim for declaratory relief, an insurer seeks contribution from another insurer, it is an abuse of discretion for the district court to exercise jurisdiction over the action, despite the existence of the contribution claim, because the contribution claim is dependent upon the declaratory relief sought. Golden Eagle, 103 F.3d 750, 755; Employers Reinsurance Corp. v. Karussos, 65 F.3d 796, 801 (9th Cir.1995)
 Unlike a claim for contribution, which does not accrue until there is a determination of liability under the insurance policy, at least one of the monetary claims filed by Celeste Polido against State Farm was not "wholly dependent upon a favorable decision on its claim for declaratory relief." Golden Eagle, 103 F.3d 750, 755.