116 F.3d 1485
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
ARK TELECOMMUNICATIONS, INC.; Sherin S. Kamal, Plaintiffs-Appellees,
v.
STATE FARM FIRE AND CASUALTY COMPANY, Defendant-Appellant.
 No. 95-56678.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted February 5, 1997
Decided June 27, 1997.
 
 Appeal from the United States District Court for the Central District of California, D.C. No. CV-95-00536-LGB; Lourdes G. Baird, District Judge, Presiding.
 Before PREGERSON, REINHARDT, and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellees Ark Telecommunications and Dr. Sherin Kamal filed this diversity action in federal district court against their insurer, appellant State Farm. Appellees contend that State Farm had a duty to defend them in a separate state court action. Appellees asserted claims for both monetary and declaratory relief. The district court granted summary judgment in favor of State Farm and entered judgment in State Farm's favor. The district court later vacated its judgment, however, and exercised its discretion to dismiss the entire case under the Declaratory Judgment Act, 28 U.S.C. § 2201.
 
 
 3
 We conclude that the district court abused its discretion in dismissing this action. Although a district court has discretion to decline to hear declaratory relief claims, it has no discretion to decline claims for monetary relief. Because the district court in this case had to retain appellee's claims for monetary relief, it had an obligation to retain the declaratory relief claims. Thus, we reverse the district court's order that vacated its own summary judgment ruling.
 
 
 4
 Because the parties are familiar with the facts, we need not recite them here.
 
 I.
 
 5
 The determinative issue in this appeal is whether the district court abused its discretion under the Declaratory Judgment Act by declining to hear this case.
 
 
 6
 Under the Declaratory Judgment Act, a district court has discretion to decline to exercise jurisdiction over declaratory relief actions which otherwise satisfy the court's jurisdictional requirements. 28 U.S.C. § 2201(a); Wilton v. Seven Falls Co., 115 S.Ct. 2137, 2140 (1995).
 
 
 7
 Although the district court had discretion to decline to hear appellees' declaratory relief claims, it had no discretion to decline to hear their claims for money damages. See Maryland Cas. Co. v. Knight, 96 F.3d 1284, 1289 & n. 6 (9th Cir.1996) (noting that the district court had no discretion to decline to hear a claim for money damages filed with a declaratory relief claim); Chamberlain v. Allstate Ins. Co., 931 F.2d 1361, 1367 (9th Cir.1991) (noting that the district court had to retain jurisdiction over a bad faith suit filed with a declaratory relief claim); see also Continental Cas. Co. v. Robsac Indus., 947 F.2d 1367, 1373 (9th Cir.1991) (discussing Chamberlain and noting that "the district court's jurisdiction over the [bad faith] claim for monetary relief was not discretionary").[1]
 
 
 8
 As we stated in Knight: "Because there existed an independent basis for jurisdiction over [the insured's] counterclaim (diversity of citizenship), even if the district court had chosen to [exercise its discretion under the Declaratory Judgment Act and] dismiss the declaratory relief complaint, the counterclaim [for money damages] would still be pending before the court." 96 F.3d at 1289 (emphasis added); see also Chamberlain, 931 F.2d at 1367 ("Even if the district court had refrained from exercising its jurisdiction over [the insurer's] declaratory relief counterclaim, the district court still would have had to exercise its diversity jurisdiction over [the insured's] bad faith suit." ) (emphasis added). In this case, as in Knight and Chamberlain, the district court had no discretion to decline to exercise jurisdiction over appellees' bad faith claims for money damages.
 
 
 9
 Our decisions in Golden Eagle Ins. Co. v. Travelers Cos., 103 F.3d 750 (9th Cir.1996), and Employers Reinsurance Corp. v. Karussos, 65 F.3d 796 (9th Cir.1995) are distinguishable. In Golden Eagle, the plaintiff sought declaratory relief, as well as monetary relief in the form of contribution and indemnity claims. 103 F.3d at 753. We held that the "request for monetary relief is wholly dependent upon a favorable decision on [the plaintiff's] claim for declaratory relief" and that the action was "plainly one for declaratory relief." Id. at 755.
 
 
 10
 Similarly, in Karussos, we held that an action for declaratory relief which also sought monetary relief in the form of defense costs was "dependent on the district court's first favorably resolving its claim for declaratory relief." 65 F.3d at 801. Again, we concluded that the action was "plainly one for a declaratory judgment." Id; see also Polido v. State Farm Mut. Auto. Ins. Co., 110 F.3d 1418, 1421 n. 4 (9th Cir.1997) (distinguishing between contribution claims, which do not accrue until there is a determination of liability under the insurance policy, and claims for monetary relief not "wholly dependent" upon a favorable decision in the declaratory relief action).
 
 
 11
 In this case, appellees' fifth and sixth causes of action assert bad faith claims against State Farm and seek money damages. The district court had no discretion to decline jurisdiction over those claims. Unlike claims for contribution or defense costs, appellees' claims are not "wholly dependent" upon a favorable decision in the declaratory relief action. Thus, the district court erred in dismissing those claims rather than retaining them under its diversity jurisdiction.
 
 II.
 
 12
 Because the district court has mandatory jurisdiction over appellees' claims for money damages, the district court abused its discretion in declining to hear appellees' declaratory relief claims.
 
 
 13
 First, there was no pending or impending state court suit at the time the federal action was filed. Federal declaratory relief actions that do not involve parallel state court proceedings "lie at the 'outer boundaries' of the district court's discretion under the Declaratory Judgment Act." Id. (citing Wilton, 115 S.Ct. at 2144). Thus, there is little reason to dismiss the declaratory relief claims. Knight, 96 F.3d at 1289.
 
 
 14
 Second, dismissal of the declaratory relief claims would result in "piecemeal litigation" because the district court would retain the claim for monetary relief, while the state court decided the declaratory relief claim. See id. ("The Declaratory Judgment Act was intended to avoid, not promote, [piecemeal litigation]."); Chamberlain, 931 F.2d at 1367 ("In most cases when a district court refrains from exercising its jurisdiction, the result is that no aspect of the proceeding remains in federal court.... This is not so here.") (citations omitted). Further, "dismissal in this case would not [spare] the district court the task of determining issues of state law." Knight, 96 F.3d at 1289 (citing Chamberlain, 931 F.2d at 1366-68).
 
 
 15
 Finally, appellees initially filed this action in federal court. It is apparent that they now desire a state forum because the federal district court granted summary judgment in State Farm's favor. Rather than encourage forum shopping, we conclude that the district court had no discretion to decline to hear this case. See id. (noting that the insured was content to adjudicate the insurance coverage issue until the district court ruled in the insurer's favor on summary judgment).
 
 
 16
 REVERSED and REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Appellees contend that Chamberlain is no longer good law. To the extent Chamberlain held that this court reviews the district court's decision whether to exercise jurisdiction under the Declaratory Judgment Act de novo, they are correct. See Wilton, 115 S.Ct. at 2138 and Employers Reinsurance Corp. v. Karussos, 65 F.3d 796, 799 (9th Cir.1995) (applying the abuse of discretion standard to such decisions). Nevertheless, Chamberlain's reasoning, that the district court had no discretion under the Declaratory Judgment Act to decline jurisdiction over a claim for money damages, is still valid. See generally Knight, 96 F.3d at 1289 (following Chamberlain )