**Allen C. KOLSTAD and Iva Kolstad, Plaintiffs,**

v.

**TRINITY UNIVERSAL INSURANCE COMPANY OF KANSAS, Defendant.**

**No. CV 98–12–GF–DWM.**

United States District Court, D. Montana, Great Falls Division.

June 3, 1998.

Gary M. Zadick, Ugrin, Alexander, Zadick & Higgins, PC, Great Falls, MT, for Plaintiffs.

Lynn M. Grant, Michael Northcutt, Quane, Smith, Howard & Hull, Missoula, MT, for Defendant.

## ORDER

MOLLOY, District Judge.

### I. Factual Background

Plaintiffs Allen Kolstad and Iva Kolstad ("the Kolstads") filed their complaint in the Montana Ninth Judicial District Court, Pondera County, on January 14, 1998. The Kolstads are residents of Montana and live near Ledger in Pondera County. They allege their daughter was fatally injured by an uninsured motorist in Atlanta, Georgia. They complain they suffered severe emotional distress upon being informed of their daughter's death.

The Kolstads seek compensation from defendant Trinity Universal Insurance Company ("Trinity") for their emotional distress. They seek a declaration that the insurance policy issued to them by Trinity provides coverage for their emotional distress under the uninsured motorist benefits provisions of the subject policy.

Trinity removed the case to Federal District Court on February 5, 1998 citing diversity of citizenship as a basis of jurisdiction. Trinity answered the complaint on February 17, 1998. On February 18, 1998, the Kolstads filed a motion to dismiss or to remand.

Kolstads argue that this Court should decline to exercise jurisdiction over the case under the Declaratory Judgment Act. They say such jurisdiction is inappropriate when a case presents issues of state law and parallel state proceedings exist.

Trinity, on the other hand, argues that the Kolstads rely on case law where a declaratory judgment action in federal court was filed after and in addition to an underlying state action. Here, the argument goes, there is no

parallel proceeding in state court—this case is the original action and the only action filed. Instead, Trinity claims it has merely removed the Kolstad's declaratory judgment action pursuant to the federal removal statutes.

## II.  The Legal Standard for Jurisdiction

"The Declaratory Judgment Act embraces both constitutional and prudential concerns. A lawsuit seeking federal declaratory relief must first present an actual case or controversy .... It must also fulfill statutory jurisdictional prerequisites." *Government Employees Ins. Co. v. Dizol,* 133 F.3d 1220, 1222–23 (9th Cir.1998) (en banc).  In *Dizol,* the en banc court considered the circumstances under which federal courts must make findings concerning the exercise of jurisdiction under the Declaratory Judgment Act.

▮ Here, there is an actual controversy over the extent of coverage under the subject insurance policy.  The case also meets statutory jurisdictional requirements because it is between citizens of different states thus is subject to invoking diversity jurisdiction. Even though these are necessary grounds to invoke subject matter jurisdiction they are alone not sufficient grounds for federal jurisdiction in a declaratory judgment case—"the district court must also be satisfied that entertaining the action is appropriate." *Dizol,* 133 F.3d at 1223.  "This determination is discretionary, for the Declaratory Judgment Act is 'deliberately cast in terms of permissive, rather than mandatory, authority.'  The Act 'gave the federal courts competence to make a declaration of rights; it did not impose a duty to do so.'" *Id.* at 1223 (citations omitted).

The circuit held that "when a district court has constitutional and statutory jurisdiction to hear a case brought pursuant to the Declaratory Judgment Act, the district court may entertain the action without sua sponte addressing whether jurisdiction should be declined." *Dizol,* 133 F.3d at 1224.  The circuit also held that it was not obliged, sua sponte, "to decide whether a district court abused its discretion in proceeding with the action when neither party raised an objection in the district court." *Id.*

However, if a party challenges the court's assumption of discretionary jurisdiction, then "the district court must make a sufficient record of its reasoning to enable appropriate appellate review" of its decision to exercise jurisdiction. *Id.* at 1225, 1227 (overruling cases suggesting that district court must sua sponte consider jurisdiction even in the absence of an objection).  The district court should consider the factors set forth by the Supreme Court in *Brillhart v. Excess Insurance Company of America,* 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942) and other pre-*Dizol* Ninth Circuit cases in deciding whether to assume jurisdiction. *Id.* at 1225 & n. 5.

▮ Additionally, district courts were cautioned that "there is no presumption in favor of abstention in declaratory actions generally, nor in insurance coverage cases specifically." *Dizol,* 133 F.3d at 1225.  Accordingly, nothing prevents an insurer "from invoking diversity jurisdiction to bring a declaratory judgment action against an insured on an issue of coverage." *Id.*  In fact, where a declaratory judgment action is joined with other non-discretionary claims (such as bad faith, breach of fiduciary duty, or breach of contract), the district court should retain jurisdiction of the declaratory judgment action "to avoid piecemeal litigation." *Id.* at 1225–26.

## III.  Analysis of Jurisdiction and Remand

The Kolstads have properly challenged the assumption of discretionary jurisdiction by way of their motion to remand.  Therefore, under *Dizol,* I am obliged to consider whether the assumption of federal jurisdiction is appropriate in this case.

▮ As a preliminary matter (not raised by Trinity), there is no non-discretionary claim that warrants retention of the declaratory action in order to avoid piecemeal litigation.  There is a claim for money damages but that is not enough to warrant retention of the declaratory judgment action. *Golden Eagle Ins. Co. v. Travelers Cos.,* 103 F.3d 750, 755 (9th Cir.1996) (discretionary power under Declaratory Judgment Act comes into play where "request for monetary relief is wholly dependent upon a favorable decision

on ... [the] claim for declaratory relief") (*overruled in part by Dizol* on the issue of *sua sponte* review). Here, the Kolstads are not entitled to monetary damages unless coverage is found. Thus, there is no reason to retain jurisdiction because of an accompanying non-discretionary claim.

Trinity states there is no parallel proceeding in state court—the present action is the original action and the only action filed. In essence, Trinity argues that the procedural posture in this case obviates or avoids application of the court's discretionary power under the Declaratory Judgment Act.

■ Trinity is mistaken. Trinity correctly notes there is no underlying state action now that the case is removed to federal court. While true this fact is without legal significance. The discretionary power of the federal district court under the Declaratory Judgment Act comes into play even when there is no underlying state action and even when no claim has specifically been filed under the Declaratory Judgment Act—if the relief sought is declaratory in nature, the court has discretion to refuse jurisdiction. *Golden Eagle Ins. Co.*, 103 F.3d at 755.

*Golden Eagle* is instructive. There, Golden Eagle brought an action in state court seeking a declaratory judgment that Charter Oak Fire Insurance Company (wrongly named as Travellers) had a duty to defend an insured. Charter Oak removed to federal court under diversity jurisdiction. The district court granted summary judgment for Charter Oak and Golden Eagle appealed. *Id.* at 752.

The circuit noted that the action arose in state court under California's declaratory relief statute. *Id.* at 753. However, when Charter Oak removed to federal court under diversity jurisdiction, "the claim remained one for declaratory relief, but the question whether to exercise federal jurisdiction to resolve the controversy became a procedural question of federal law." *Id.*

The appellate court stated that the Declaratory Judgment Act "is the procedural statute under which a federal court determines whether to exercise its jurisdiction to hear a case such as the present one." *Id.* Further, "nothing in the Declaratory Judgment Act requires a parallel state proceeding in order for the district court to exercise its discretion to decline to entertain the action." *Id.* at 754; *see also Budget Rent–A–Car v. Crawford*, 108 F.3d 1075, 1081 (9th Cir.1997) (stating that district court is not relieved of its "duty to weigh all relevant factors before exercising its discretion under the Declaratory Judgment Act" even where federal declaratory action was initiated after settlement of the underlying dispute); *Polido v. State Farm Mut. Auto. Ins. Co.*, 110 F.3d 1418, 1423 (9th Cir.1997) ("in determining whether to exercise its discretionary jurisdiction to reach the merits in an action for declaratory relief, the dispositive question is not whether the pending state proceeding is "parallel," but rather, whether there was a procedural vehicle available to the insurance company in state court to resolve the issues raised in the action filed in federal court"). Here, the discretionary nature of federal jurisdiction in declaratory actions is not obviated merely because an underlying or parallel state action is lacking.

## IV. Factual Determinations and Conclusions

The Kolstads object to discretionary federal jurisdiction in this declaratory action. Under *Dizol*, I must make a reviewable record on whether the assumption of jurisdiction is appropriate. No non-discretionary claims are attached to the claim for declaratory relief. The case may be remanded if jurisdiction is inappropriate even in the absence of a parallel or underlying state action. In such circumstances, the remaining question is whether the assumption of jurisdiction is appropriate in light of the *Brillhart* factors.

The *Brillhart* factors were outlined in *Dizol*, and remain the "philosophic touchstone for the district court" in deciding whether to assume jurisdiction of a declaratory action. *Dizol*, 133 F.3d at 1225.[1] The district court

---

1. The Brillhart factors are not exhaustive. Other factors that may be considered are (1) "whether the declaratory action will settle all aspects of the controversy"; (2) whether it "will serve a useful purpose in clarifying the legal relations at issue"; (3) whether it "is being sought merely for the purposes of procedural fencing or to obtain a 'res judicata' advantage"; (4) whether "the use of a declaratory action will result in the entanglement between federal and state court systems"; (5)

should "avoid needless determination of state law issues," discourage forum shopping, and "avoid duplicative litigation." *Id.* Overall, the district court should "assess how judicial economy, comity and federalism are affected in a given case." *Id.* at 1226; *see also Crawford*, 108 F.3d at 1081 (holding that "to avoid forum shopping and vindicate federalism concerns, a district court must consider whether ... remedies ... under state law will provide an adequate remedy for a party who files a claim under the Declaratory Judgment Act").

When considering these factors in the context of declaratory actions involving insurance issues, the cases generally favor rejecting jurisdiction. *See, e.g., Polido*, 110 F.3d at 1424 (stating that " 'ordinarily' federal courts should abstain from exercising their jurisdiction in a declaratory judgment action over disputes between insurance companies and their insureds in which the merits must be decided under state law"); *Employers Reinsurance v. Karussos*, 65 F.3d 796, 798–99 (9th Cir.1995) (noting that "comity concerns ... [are] particularly weighty in insurance cases" and that jurisdiction is unwarranted in the "general run of insurance coverage cases"); *Golden Eagle*, 103 F.3d at 755 (district court erred in assuming jurisdiction over case seeking a declaration of the parties' duties with regard to defending and indemnifying under an insurance policy).

█ Here the case presents a novel issue of state law—whether underinsured motorist coverage is available for emotional damages. As noted, insurance is an area principally regulated by the state where "comity concerns" are "particularly weighty." *Karussos*, 65 F.3d at 799. Trinity has a forum available in state court for the resolution of the issue. Finally, Trinity has a state court remedy in the declaratory action originally filed in state court. Accordingly, in the light of the above discussion and the case law reviewed therein, I find that federal jurisdiction is not appropriate in this declaratory action.

Wherefore, IT IS ORDERED:

(1) Plaintiffs' Motion to Remand (# 5) is hereby **GRANTED.**

convenience of the parties and "the availability and relative convenience of other remedies."

The Clerk of Court is instructed to remand this case to the Montana Ninth Judicial District Court, Pondera County.